## DAVIS *vs.* BENNETT.

1. Where a suggestion of diminution of the record and a motion to dismiss the case are made at the same time, the former has precedence.

2. Where the clerk transmits to this court original records of the court below, instead of sending up a complete transcript or copy of the record, it is such an effort to send up the record that upon it a diminution of the record may be suggested, if made in time, and the plaintiff in error be not in *laches*.

3. A record was transmitted to this court too late for a hearing on the circuit to which it belonged.   When called at the heel of the entire docket (it being the last day for the hearing of arguments,

and this being the last case but one), a suggestion of a diminution of the record and motion to dismiss were both made. It appeared that the only papers here as a copy of the record were certified by the clerk to be "a true copy from the records of the minutes of the said superior court," and that plaintiff in error had had ample time to correct this error and to supply the deficiency:

*Held*, that the case will be dismissed. The plaintiff in error has lost his opportunity to correct or supply the record by his own *laches*.

4. Obliterations appear of five lines of the first page of the bill of exceptions, so as to break the connection of sentences, and destroy the sense of that paper, without any explanation in respect to the person who did it; and this vitiates the writ of error and makes it uncertain, if not totally unintelligible. Nothing can cure such a defect.

April 25, 1884.

Practice in Supreme Court. At February Term, 1884.

Reported in the decision.

G. T. HAMMOND; G. J. HOLTON & SON, by HENRY B. TOMPKINS, for plaintiff in error.

HARRIS & SMITH, by HARRISON & PEEPLES, for defendant

JACKSON, Chief Justice.

1. In this case, counsel for plaintiff in error left with the reporter a suggestion of the diminution of the record, to which the attention of the court was called. About the same time a motion to dismiss the writ of error was made. In such a case, the suggestion of the diminution has preference, because the case must be in court on a complete transcript of the record before it is ready to be tried here, and a motion to dismiss is one stage of trial.

2. But it is argued that there is no record here to amend. There is what purports to be parts of a record, which the counsel, in suggesting the diminution, swears are the original papers, and not copies, and he suggests that this is a diminution in the sense of the statute. Where the clerk transmits to this court original records of the court below,

instead of sending up a complete transcript or copy of the record, it is such an effort to send up the record as that upon it a diminution of the record may be suggested, if made in time, and plaintiff in error be not in *laches*.

3. But it is insisted here that plaintiff in error is guilty of such *laches* that no suggestion of diminution, and none of the amendatory acts to retain cases here, can help him. The clerk's certificate to the only papers here as a copy of the record is as follows:

" GEORGIA, Coffee County.

I, C. A. Ward, clerk of the superior court of said county, do hereby certify that the within is a true copy from the records of the minutes of the said superior court in the case of Richard Bennett *vs.* Stafford Davis. Breach of warranty this December 5th, 1883.

C. A. WARD, C. S. C., C. C."

The statute requires that " a complete transcript of the record in such cause be made out " by the clerk, and that " such transcript, together with the original bill of exceptions, the clerk shall transmit, together with a certificate that the same is the true original bill of exceptions, and a true and complete transcript of the record in such case, to the next term of the Supreme Court," etc. Code, §4262. The certificate which the clerk makes is, " that the within is a true copy from the records of the minutes of the said superior court, " etc. The certificate which the statute requires is " a true and complete transcript of the record in such case, " and not merely of what is on the minutes. It is clear, therefore, that this certificate is wholly illegal. Can it be corrected? By the act of 1870, Code, §4272, no case can be dismissed for want of this certificate, " provided said record arrives in time to be heard at the term to which it is by law returnable."

This record so certified cannot arrive at this term in time to be heard, because this is the last day of the term for argument of cases.

By the act of 1880, Code, §4272(c), no writ of error can be dismissed on any ground which can be removed during

the term to which it is returnable, even to the end of it. This cannot be removed. The end of the term is here to day.

By the act of 1877, Code, §4272 (d), no case can be dismissed by failure of the clerk to transmit the record, provided it gets to this court before this court has finished the circuit to which the case belongs, but it must be entered and heard after all the cases on the entire docket shall have been heard. This case is in that fix. It got here too late to be heard until today, and therefore it is too late to be corrected in respect to the certificate, because today the term closes but one other case from the Atlanta circuit being in like situation, the argument of which was finished the same day this case was called in its order, and the last case was heard before any steps could be taken to have it corrected.

By the same act of 1877, under which this case is entered on the docket, if the record be incomplete, it is made our duty to give such direction as will complete it if "proper in the premises and constitutional." Code, §4272 (g). It would be improper to delay this case for seven or eight months to complete this record, if it would be unjust to the other side. It would be unjust to the other side, because the defendant in error is not the movant, and need not look to the bill of exceptions, transcript of record, or certificates. The plaintiff in error must. He could have made this suggestion long ago, in time to have had the certificate corrected, the record complete and the cause heard at this term. On or before the case is called, he can make the suggestion, and have a *mandamus* issued and the defects all corrected. Acts of 1851; Code, §4282; Rule 9 of Supreme Court. A judgment for money is against him, and defendant in error is entitled to have an early trial to get his money out of him soon, if entitled to it; and having judgment below, the probability and presumption is, that he is entitled to it. So that it is not proper to postpone him for negligence of the plaintiff in

error. Would it be constitutional? This court, in con-struing this act of 1877, Code, §4272 (d), held that part of it which provided for cases going over to the next term, if they got here after the circuit to which they belonged was ended, unconstitutional. The Constitution, art. 6, sec. 2, par. 6, declares that this court shall dispose of every case at the first or second term; " and in case the plaintiff in error shall not be prepared at the first term to prosecute the case—unless prevented by providential cause—it shall be stricken from the docket, and the judgment below shall stand affirmed." Code, §5134. No providential cause is shown, no good reason of any sort, why this certificate and record could not have been corrected and completed, if ordinary diligence had been used by the plaintiff in error. The constitution demands, therefore, that his case " be stricken from the docket and the judgment below stand affirmed ;" and it will be so ordered.

Of course this class of cases stands on a different footing from those regularly in court, returned in time and en-tered on the docket of their respective circuits to be tried in regular order; but it is well that in all cases counsel for plaintiffs in error move in time to complete the record and be ready to try at the return term.

4. Obliterations appear of five lines of the first page of the bill of exceptions, so as to break the connection of sentences and destroy the sense of that paper, without any explanation in respect to the person who did it, and why it was done. This also vitiates the writ of error, and makes it uncertain, if not totally unintelligible. Nothing can cure such a defect.

Writ of error dismissed.