## GORDON v. GORDON.

1. When upon a petition to enforce by attachment the payment of a judgment for alimony previously granted the judge passed an order directing that out of a fund in court, which had been raised upon a garnishment sued out against a debtor of the respondent, the applicant be paid a specified amount less than that to which she was, under the original judgment, entitled, providing, in effect, that compliance with this order should fully satisfy the former judgment, and taxing the applicant with one half the cost of the application thus disposed of, a bill of exceptions sued out by her and assigning error upon the granting of this latter order did not fall within the provisions of section 5540 of the Civil Code relating to fast writs of error. Such order was not made upon an application for discharge in a contempt case, nor was it, in effect, a judgment either granting or refusing an application for alimony.

2. It is the duty of the clerk of this court to properly docket all cases brought here, and to this end it is, under the provisions of sections 5540 and 5558 of the Civil Code, incumbent upon him to inspect all bills of exceptions filed in his office, with a view to determining upon what dockets the cases shall be placed; his actings and doings in the premises being, of course, subject to review by the court.

3. In the present instance the clerk dealt with the bill of exceptions as a fast writ of error, and accordingly entered the case upon the docket of the present term. The question is certainly one admitting of some doubt, and, having solved it as above indicated, an order has been passed directing the case to be transferred to the docket of the next term.

Argued October 13, — Decided November 9, 1899.

Motion to transfer to docket of next term.

*James P. Brown*, for the motion.
*Samuel H. Sibley* and *Park & Merritt*, contra.

COBB, J. Ellen Gordon applied to the superior court for a rule nisi against George Gordon, calling upon him to show cause why he should not be attached for contempt for failing to pay an amount alleged to be due to her as alimony and attorney's fees under an order previously passed by the superior court directing him to pay the sums mentioned. A corporation which had been served with process of garnishment, founded on the judgment against George Gordon for alimony and attorney's fees, had answered that it was indebted to him in a given sum. In answer to the rule served on him George Gordon set up that his failure to pay the amount which he

had been ordered to pay was due to the fact that he was un-
able to pay the same, and he prayed for a revision of the judg-
ment fixing the alimony and that the same might be reduced.
The judge reduced the amount which was due under the pre-
vious order fixing the alimony and attorney's fees, directed
that the amount so reduced should be paid out of the fund
brought into court under the garnishment above referred to;
and ordered that the costs of the rule be divided equally be-
tween the parties.　　To this decision Ellen Gordon excepted.

When the case was called in this court a motion was made
to dismiss the writ of error, because the subject-matter of the
proceeding before the judge was such that a fast writ of error
should have been sued out to review his judgment in this
court, and as the bill of exceptions which was sued out was not
tendered to the judge within twenty days from the date of the
decision complained of, the same was not tendered within the
time prescribed by law.　　The plaintiff in error contends that
the subject-matter of the proceeding was such that the ordi-
nary writ of error would lie to review the decision of the trial
judge, and that as the bill of exceptions was tendered within
thirty days, the case should be ordered transferred to the docket
of the next term of this court.

1. The cases which must be brought to this court by fast
writ of error are, (1) where an application for an injunction or
receiver is granted or refused ; (2) applications for discharge
in bail-trover cases; (3) applications for discharge in contempt
cases; (4) granting or refusing applications for alimony, man-
damus, or other extraordinary remedy ; (5) granting or refus-
ing applications for attachment against fraudulent debtors;
(6) all criminal cases; (7) all habeas corpus cases; (8) all cases
where there has been a judgment rendered validating the is-
suance of bonds by counties, municipalities, and other politi-
cal divisions of the State.　　Civil Code, §§ 5540, 4881; Acts
1897, pp. 53, 84.　　While the present case involves questions
relating to contempt as well as questions relating to alimony,
it is neither an application for discharge in a contempt case,
nor is there involved an original application for alimony,
which was granted or refused.　　Such being true, the case does

not fall within the terms of the law above referred to, and therefore it was properly brought to this court under the rules governing ordinary writs of error.

2. The law requires the clerk of this court, upon receipt of any fast writ of error, to place it immediately on the docket of the circuit to which it belongs. Civil Code, § 5558. The purpose of this is to insure a speedy hearing, if the court is then in session. Civil Code, § 5540. In order to determine how to docket each case, it is absolutely necessary that the clerk should inspect the bill of exceptions filed in his office; and it is not sufficient that he should simply inspect the certificate of the judge, in order to determine to what term the case is returnable. The law, and not the certificate of the trial judge, determines at which term a case shall be heard in this court. *DeLoach* v. *Trammell,* 72 *Ga.* 198. The inadvertence of the trial judge in signing a certificate to a bill of exceptions making a case returnable to a term to which it is not by law returnable should not result in having the case improperly docketed. Of course the action of the clerk in docketing the case is subject to review by the court, but upon him in the first instance devolves the duty of determining from an inspection of the bill of exceptions in each case whether a case should come to this court by a fast writ of error or by the ordinary writ of error.

3. The question as to whether the present case should have been brought to this court by a fast writ of error or by an ordinary writ of error is, to say the least of it, doubtful, and the clerk, therefore, took the safe course and placed the same on the docket of the present term, treating it as involving a question reviewable on fast writ of error. It being now determined that it was not proper to so docket the case, no harm has resulted to the parties, as an order will be passed directing that it be entered upon the docket of the next term. *Kaufman* v. *Ferst,* 55 *Ga.* 350; *Jones* v. *Warnock,* 67 *Ga.* 484; *Smith* v. *Willis,* 105 *Ga.* 840. If the clerk had docketed the case as one brought here by an ordinary writ of error, and it had been determined that the case should have been brought to this court by a fast writ of error, on the call of the case at the next term the same would have been dismissed because not heard at the

term to which it was by law returnable. See, in this connection, *Bleyer* v. *Distillery Company*, 70 *Ga.* 724; *Davis* v. *Bennett*, 72 *Ga.* 762. *Motion sustained. All the Justices concurring.*