THOMPSON *v.* THOMPSON.

An order modifying a previous order passed on a motion for alimony, determining the custody of children pending the litigation, can not be reviewed on fast writ of error.

Submitted February 6,—Decided February 19, 1906.

Motion to dismiss the writ of error.

Mrs. Maude C. Thompson brought a petition for divorce against William C. Thompson, and an application for alimony, counsel's fees, and the custody of her two children. After a hearing upon the application, an allowance was made for temporary alimony and counsel's fees, and the custody of the two children was awarded the defendant. This order was granted November 30, 1905. On December 7, 1905, Mrs. Thompson moved for a modification of the order, the motion reciting, that when the youngest child, a girl of six years, was being delivered into the custody of the defendant, physical force was necessary to take the child from the petitioner, that the child bitterly resisted the separation, and that the separation had induced in the petitioner great mental anguish, so that at the time of filing the motion the petitioner was on the verge of nervous prostration. The defendant demurred to the motion, on the ground that the order passed by the court, in the absence of subsequent occurrences, was final; and he objected to any modification of the order, on the same ground. By consent, the motion was used as evidence for the plaintiff, and the defendant offered testimony in

rebuttal, concerning the unwillingness of the child to be taken into his custody, and the effect thereof upon the plaintiff. An order was granted modifying the order of November 30, 1905, and the custody of the youngest child was awarded the petitioner, pending the trial of the cause. To this order the defendant excepted, and also to the overruling of his demurrer.

*J. F. Rogers, F. C. Foster,* and *J. E. McClelland,* for plaintiff in error.

*A. H. Cox, C. P. Thompson,* and *J. D. Kilpatrick,* contra.

Cobb, P. J. (After stating the foregoing facts.) A motion was made to dismiss the writ of error, on the ground that exception was taken to an interlocutory order which is not of such a character that this court can review it on a fast writ of error. The code provides, that in suits for divorce the judge presiding may either in term time or vacation grant alimony, "and may also, on said motion, hear and determine who shall be entitled to the custody of the children pending the litigation, as if the same were before him on a writ of habeas corpus." Civil Code, § 2461. Among the cases enumerated in the code which may be brought to this court by fast writ of error are those involving "the granting or refusing of an application for alimony." It is contended that this case "sounds in alimony," and therefore that any order in an alimony proceeding may be reviewed on a fast writ of error. The general rule is that cases must come to this court on an ordinary writ of error, and the statute making an exception to this rule has always been strictly construed. A fast writ of error lies to review an order granting or refusing alimony, and not to every order that may have been passed while such application for alimony was pending. See *Gordon* v. *Gordon,* 109 Ga. 262. But it was said that this was in fact a habeas corpus case, and that under the act of 1897 (Acts 1897, p. 53) all bills of exceptions in habeas corpus cases shall, as regards the practice of the lower court and of the Supreme Court, be governed in all respects, where applicable, by the laws of force in reference to bills of exceptions in cases of injunction. Where an application for injunction is granted or refused, the ruling complained of may be reviewed on fast writ of error. Civil Code, § 5540. An order modifying an interlocutory injunction is not reviewable by a fast writ of error. *Stubbs* v. *McConnell,* 119 Ga. 21, and cit. Even if the case be

treated as a nabeas corpus case, the order complained of is one modifying the judgment in the habeas corpus case, and applying the rule applicable in cases of injunction, the order can not be reviewed on fast writ of error. The order complained of can not under any circumstances be treated as one granting or refusing alimony. It is really not a habeas corpus case. It is merely an interlocutory order in a divorce case which is still pending. It belongs to that numerous class of cases which, unfortunately for the parties, can not, under the existing law, be reviewed on fast writ of error. The law of the State as laid down by the lawmaking power, and as interpreted by the decisions of this court, must be obeyed. We are therefore constrained to dismiss the writ of error.

*Writ of error dismissed. All the Justices concur.*