LAMBERT HOISTING ENGINE CO. *et al. v.* DEXTER.

1. With the exception of the assignment of error dealt with in the second headnote, the rulings complained of in the assignments of error were made more than six months before the filing of the bill of exceptions; and, no exceptions pendente lite to such rulings having been properly filed, those rulings will not be reviewed by this court.
2. Where, in compliance with a petition for a receiver, the court ex parte appoints a receiver, authorizing him to take charge of certain bonds, and the defendant demurs and answers, and, among other things in his answer, prays that the receiver be restrained and enjoined from doing the things which, in the order of appointment, he was authorized to do, and the court thereupon temporarily restrains the receiver from acting until the further order of the court, and where upon the further hearing of the case, with all parties present, the court passes an order refusing to restrain the receiver, and rescinding the previous restraining order granted, without anything done towards the disposition of the main case on its merits, *Held*: (*a*) The order last mentioned, though employing language usual in the disposition of injunction cases, was not in effect a matter of injunction such as under the Civil Code, § 5540, would authorize the suing out of a fast writ of error. (*b*) The order was a mere direction to the court's own officer, its receiver, and appropriate exceptions pendente lite were necessary for the purpose of reviewing the decision of the court. (*c*) As the case, upon its merits, is still pending in the court below, the writ of error is prematurely sued out, and this court is without jurisdiction.

Submitted July 18, 1906.—Decided February 14, 1907.

Attachment.　　Before Judge Parker.　　Coffee superior court. April 7, 1905.

On October 7, 1901, H. W. Dexter sued out an attachment against the Lambert Hoisting Engine Company, on the ground that the defendant was a non-resident of this State. On October 14, the attachment was levied by service of summons of garnishment on the Gray Lumber Company. On December 3, 1901, the Lambert Hoisting Engine Company dissolved the garnishment by giving bond, with the United States Fidelity & Guaranty Company as surety. On April 4, 1902, the plaintiff filed his declaration in attachment. On May 22, 1902, the Lambert Hoisting Engine Company filed its defense to the suit. On March 29, 1904, the presiding judge entered an order against the defendant and its surety on the dissolving bond. On September 29, 1904, the garnishee filed its answer to the summons of garnishment, admitting that it had property of the defendant in its possession of greater value than the amount of the plaintiff's claim, which was subject

to garnishment. On October 4, 1904, the defendant filed a traverse to the answer, and on the same day a jury, impaneled to try that issue, found a verdict against the traverse. The bill of exceptions recites, that "to the holding of this trial at that time the defendant excepted, and now excepts and assigns the same as error." On the day on which that verdict was rendered, the presiding judge entered a judgment upon the verdict, finding the property to be subject to garnishment and to be of the value set forth in the answer. To this judgment, the defendant and the surety company excepted. The court, on the same day, rendered a judgment against the defendant and the surety jointly, on the dissolving bond; and to this judgment they excepted. On December 3, 1904, the plaintiff presented his petition to the judge for the appointment of a receiver, for the purpose of taking from the treasurer of the State of Georgia bonds of the surety company and selling them to satisfy the last-mentioned judgment. The petition was not served. On December 10, 1904, the judge, without notice to the defendant or to the surety company, appointed a receiver as prayed for. The receiver made a demand upon the treasurer for the bonds. Afterwards the defendant and the surety company filed a demurrer and an answer to the petition; and in the answer there was a prayer for an injunction to prevent the receiver from taking the bonds in question. On presentation of the answer, the judge, at chambers, on February 22, 1905, passed the following order: "Upon reading and considering the above and foregoing petition, ordered that the receiver in said case named be and he is hereby restrained from demanding or further proceeding to take possession of the bonds referred to, until further order of the court. It is further ordered that the defendants show cause before me at Douglas, Georgia, on the fourth Monday in March why the other relief asked for should not be granted." On April 7, 1905, the judge passed an order as follows: "The above and foregoing answer and matters and things therein referred to, including the prayers for relief therein made, coming on duly and legally to be heard by me, and after consideration of said matters upon the pleadings therein and the documentary evidence relied upon by the  respective parties, it is therefore considered, ordered, and adjudged that the prayers of the said Lambert Hoisting Engine Company and United States Fidelity & Guaranty Company, as set forth in

the above and foregoing instrument, be and the same are hereby denied and refused; and it is ordered further that the above re-straining order heretofore granted in the premises be and it is hereby rescinded and cancelled." To the judgment last recited, the Lambert Hoisting Engine Company and the surety company excepted. It does not appear that exceptions pendente lite were filed to the rulings made on October 4, 1904, to which exceptions are taken in the bill of exceptions. The bill of exceptions appears to have been certified on May 4, 1905.

E. B. Baxter and James L. Key, for plaintiff in error.

Dart & Roan, contra.

ATKINSON, J., The only assignment of error complained of which can be dealt with by this court is that which is made upon the ruling of the court rescinding its order of injunction against its receiver. The other assignments of error were upon the rulings of the court made more than six months before the bill of exceptions was tendered, the complaining party failing in the meantime to preserve his right of exception by appropriate exceptions pendente lite. We deal then only with the exception to the ruling of the court in rescinding its order which by its terms restrained the receiver from taking possession of the bonds of the surety company. It will be observed that the date of the order excepted to is April 7, 1905, and that the date of the bill of exceptions is May 4, 1905. Therefore the bill of exceptions was sued out within 30 days from the date of the order, but not within 20 days. In other words, it was in time if the case falls under the rule provided in the Civil Code, §5539, but not in time if the case falls under the rule applicable to fast writs of error as provided for in §5540. A motion is made by the defendant in error to dismiss the bill of exceptions, upon the ground that the case should have been prosecuted to this court by a fast writ of error, that is, that the bill of exceptions should have been certified within 20 days from the date of the order complained of. We will not deal with the question as to whether or not the writ of error should have been a fast writ or an ordinary writ, because an inspection of the order complained of, upon other reasons, shows that this court is without jurisdiction. Being without jurisdiction, the judgment of the lower court can not be reversed. The writ of error is prosecuted for the purpose of reviewing the judgment of the lower court refusing to en-

join the receiver. While the entire matter seems to have been dealt with as an injunction, it was really not such a proceeding. The character of the proceeding is to be determined, not by what it is called, but by what it really is, as made by the facts alleged and the relief proper to be granted. The application to enjoin the receiver did not come by way of an independent action, but by way of answer to a proceeding already pending in court. The parties were all before the court, contending over the same subject-matter. Under such conditions an independent suit for an injunction would have been inappropriate and a needless multiplication of actions. The court had complete jurisdiction of its own receiver with respect to the matter dealt with in the order excepted to. All that was needed was mere direction to the receiver to do or not to do the particular thing. That is all which in fact was done. Though called an injunction, it was not one. It was a mere order of direction to the receiver. It was not a final disposition of the case, for the reason that the cause is still pending in the court, awaiting trial upon the main issues formed by the demurrer, answer, and pleading. The ruling, therefore, was a mere ad interim order,—such an order as would have rendered exceptions pendente lite appropriate, to the end that the ruling might be reviewed by this court. Such being the character of the order complained of, the writ of error is prematurely brought, and this court is without jurisdiction. *Farmers Bank* v. *Burwell,* 120 *Ga.* 540.

*Writ of error dismissed. All the Justices concur, except Fish, C. J., absent.*