## HARRIS *et al. v.* CITY OF SPARTA *et al.*

1. Where, upon the hearing of a motion to dissolve a temporary restraining order, and before any hearing involving the grant or refusal of an interlocutory injunction, the chancellor orders that the restraining order "be . . dissolved, and any further restraint and injunction as prayed for in said petition is refused:" *Held,* that the legal effect of such order is merely to deny further restraint under the previous restraining order, that it does not constitute any final judgment, or a denial of an interlocutory injunction, and is not subject to review by a "fast" writ of error.
2. Such order not being a final adjudication of the case, the writ of error is dismissed.

Submitted January 13,—Decided February 1, 1908.

Petition for injunction. Before Judge Worley. Hancock superior court. November 22, 1907.

*R. H. Lewis,* for plaintiffs.

*W. H. Burwell* and *R. W. Moore,* for defendants.

HOLDEN, J. James M. Harris and others made an application for an injunction against the City of Sparta, alleging that Andrew Carnegie made a proposition to the city, that if the city would furnish a lot upon which to erect a building and make suitable provision for an annual appropriation of $500 per year for a period of ten years for the maintenance of a library, he would donate the amount of $5,000 to be used in the erection of a library building on said lot; and that pursuant to such proposition the city authorities passed an ordinance making said annual appropriation and were proceeding to purchase said lot with funds raised and to be raised by taxation on the property of petitioners and others owning property in said city. Upon said application the chancellor, on November 4, 1907, granted a temporary restraining order, and ordered that a copy of the order and petition be served on the municipal authorities within 10 days from date of the order; and that either party have leave to move to dissolve the restraining order, upon 5 days' notice to the opposite party. After giving notice to the plaintiff, the defendant made a motion to dissolve the restraining order. Upon hearing this motion in November, the court granted an order that the restraining order "be and the same is hereby dissolved, and any further restraint and injunction as prayed for in said petition is refused." To this order the plaintiffs, within 20 days, filed a bill of exceptions, complaining

that such action of the court was error, because it was a final order in said case, rendered in vacation on a prayer to rescind a restraining order; and because, under the facts, the restraining order should not have been dissolved, and the restraint and injunction should not have been refused, but should have been continued and made permanent.

1. An order of a chancellor dissolving, or. refusing to dissolve, a temporary restraining order is not reviewable by this court by a fast writ of error. *Stubbs* v. *McConnell,* 119 *Ga.* 21 (45 S. E. 710). The granting or refusing to grant, and the dissolution of or refusal to .dissolve, a temporary restraining order, are matters separate and distinct from the granting or refusal of an interlocutory injunction. The plaintiff in error, however, contends that the following words in the order of the court dissolving the restraining order, "any further restraint and injunction as prayed for in said petition is refused," was a final judgment rendered in the cause in vacation. We do not think that the language employed could be so construed. The effect and meaning of the words above quoted were merely to emphasize the fact that the restraint imposed by the temporary restraining order was lifted and no longer in force, and that further restraint would not *now* be granted. But even if the language of the order could be construed to mean a refusal of an interlocutory injunction, or final judgment, it would still be a nullity, because the chancellor was without jurisdiction to hear and determine the question as to whether or not he would grant an interlocutory injunction until the time for the hearing of this question arrived—especially without consent of all parties. *Collins* v. *Huff,* 61 *Ga.* 633; *Lambert Co.* v. *Dexter,* 127 *Ga.* 581 (56 S. E. 778). It does not appear in the record that there was any consent of the parties that a hearing on the matter of granting an interlocutory injunction should be had at the time of the hearing of the motion to dissolve the temporary restraining order, nor does it appear that the court intended at that time to have such hearing. It does not appear that the court ever fixed any time for a hearing on the interlocutory injunction. On account of the fact that this court can not, on a fast writ of error, review an order granting or refusing a temporary restraining order, or dissolving or refusing to dissolve one when granted, the court at the time of sanctioning the application should fix a date at which

the hearing on the question of granting an interlocutory injunction may be had, when there will be rendered a judgment of the court, which may be reviewed on .fast writ of error, if the parties so desire. See *Mayor* v. *Grayson,* 104 *Ga.* 105, 107 (30 S. E. 693), where it is said: "It is the practice, under our statute, in cases of applications for injunctions, for the judge, upon sanctioning the petition, to grant an order requiring the party sought to be enjoined to show cause at a designated time and place why the injunction prayed for should not be granted." Also *Strickland* v. *Griffin,* 70 *Ga.* 541, 551, where the court says: "When an application is made for an injunction, if it is entertained favorably, the time and place for the hearing should be fixed." When the court fails, as in this case, to fix a time at which he will hear the question as to whether or not an interlocutory injunction will be granted, such failure ·does not operate to fix the time therefor at such date as he may hear a motion made in the cause to dissolve a temporary restraining order; but such failure causes no injury to any one, because the judge will fix a time. for a hearing to be had on the question of granting or refusing an interlocutory injunction upon the application of either party.

2. As hereinbefore stated, an order dissolving a temporary restraining order is not reviewable by a fast writ of error, and no request has been made to transfer the writ of error to the succeeding term of this court. However, if such request were made and granted, the writ of error when reached at the succeeding term would have to be dismissed, because there has been no final adjudication of the case. The case is still pending in the court below; and if a hearing is had upon the question as to whether or not the court will grant an interlocutory injunction, his judgment upon such hearing will be reviewable by a fast writ of error.

The writ of error is dismissed solely on the construction of the order that the judgment was the termination of the restraining order and did not involve the determination of any interlocutory injunction. *Stubbs* v. *McConnell,* 119 .*Ga.* 21 (45 S. E. 710); *Smith* v. *Willis,* 107 *Ga.* 792 (33 S. E. 667).

*Writ of error dismissed. All the Justices concur.*

*Atkinson, J., concurs in the result.*