## WATTERSON, administrator, *v.* STUBBS & HODGES.

HOLDEN, J. Upon an application of the plaintiff in error, for an injunction and other relief, the court granted a temporary restraining order enjoining the defendants in error from "cutting, felling, or removing the timber described in plaintiff's petition, going upon said lands, or otherwise interfering therewith." Before there was any hearing involving the grant or refusal of an interlocutory injunction, upon application of the defendants in error and without notice to the plaintiff in error the court granted an order providing that the restraining order be so modified that the defendants be authorized "to proceed with the construction of their tramroad across said land" upon giving a bond required by the order, and further providing that in the event the plaintiff failed to give a bond required of him to indemnify the defendants against damages incurred by reason of the suit, the restraining order be dissolved if the defendants gave bond in a named sum to answer damages they might cause the plaintiff by the cutting of the timber, etc.; to which order the plaintiff in error filed exceptions.

*Held,* that the order to which exceptions are filed, not having been granted at any hearing involving the grant or refusal of any interlocutory injunction, and being merely an order upon certain conditions modifying, and under certain contingencies dissolving, a temporary restraining order, was not subject to review by "fast writ" of error; and such order not being a final adjudication of the case, the writ of error is dismissed. *Harris* v. *City of Sparta,* 130 *Ga.* 60 (60 S. E. 192); *Berry* v. *Parker,* 130 *Ga.* 741 (61 S. E. 541).

*Writ of error dismissed. All the Justices concur.*

NOVEMBER 18, 1910.

Petition for injunction. Before Judge Mitchell. Tift superior court. May 27, 1910.

*Hendricks & Christian,* for plaintiff.

*Fulwood & Murray,* for defendants.