## RICHARDS v. McHAN.

1. A bill of exceptions to review a judgment overruling a demurrer to a petition to amend a judgment rendered on a habeas-corpus proceeding falls within the provisions of the act of 1897 (Acts 1897, p. 53), and is to be treated as a fast writ of error.
2. The court where the judgment is rendered is the proper court where a motion can be made to amend it. If the adverse party resides in a different county, the court may provide by order that he be served with a copy of the motion to amend.
3. After the adjournment of the term at which it was rendered, a judgment can not be amended on the merits of the cause by reason of facts or conditions subsequently transpiring.

NOVEMBER 18, 1912.

Motion to modify judgment on habeas corpus. Before Judge Morris. Pickens superior court. February 17, 1912.

*Moore & Pomeroy* and *George F. Gober,* for plaintiff in error.

*D. W. Blair* and *J. Z. Foster,* contra.

EVANS, P. J. J. B. Richards Jr. sued out a writ of habeas corpus against Mrs. Catherine McHan, alleging that respondent illegally detained in her possession his minor son, a little more than three years of age. The mother of the child was dead, and the respondent was the child's grandmother. In rendering judgment the court recited certain facts in consideration of which he awarded the custody of the child to the grandmother until he shall become six years of age; then and after that time he shall be delivered to the father, who shall thereafter have his custody. Shortly before the child was to become six years of age, the grandmother filed a petition to the court which rendered the judgment, praying its modification to the extent of revoking so much of it as required her to deliver the child to the father on his sixth birthday, and providing that she retain his custody until he reached a state of health contemplated in the judgment. Among the recitals in the judgment awarding the child temporarily to the grandmother is that the child is of very delicate health and needs the continued care of the grandmother. This condition is alleged to still exist. Upon this petition the court issued a rule requiring the father to show cause why its prayer should not be granted, and directed the sheriff of a county other than that where the petition was filed to serve the father with a copy of the petition and rule to show cause. The father filed objections to the service of the petition, pleaded to the jurisdiction of the court, and demurred to the suffi-

ciency of the pleadings as affording to the petitioner any right to the relief sought. The father excepts to an adverse judgment.

1. The defendant in error, by motion to transfer this case to the succeeding term, raises the point that the judgment complained of can not be reviewed by fast bill of exceptions. From the foregoing statement of facts it will be seen that on a writ of habeas corpus, having for its purpose the determination of the custody of an infant between its grandmother and father, a judgment was rendered awarding the custody to the grandmother until the child reached the age of six years, when the child was to be delivered to the father. As the time approached for the relinquishment of her custody of the child the grandmother filed her petition praying that the judgment be so modified as to extend the time she should have possession of the child. This in effect is but a motion to amend the original judgment in the habeas-corpus case; and the question is, whether a judgment overruling a demurrer to the petition setting out the facts on which the motion was based is reviewable by fast writ of error. The act approved December 6, 1897 (Acts 1897, p. 53), provides "that all bills of exception in habeas-corpus cases . . shall, as regards the practice of the lower court and in the Supreme Court, relating to the time and manner of signing, filing, serving, transmitting, and hearing the same, be governed in all respects, where applicable, by the laws now of rule and force in reference to bills of exceptions in cases of injunction," etc. It has been held that an order modifying an injunction is not reviewable by fast writ of error. *Stubbs* v. *McConnell,* 119 *Ga.* 21 (45 S. E. 710) ; *Harris* v. *Sparta,* 130 *Ga.* 60 (60 S. E. 192). And it is urged that by analogy a fast writ of error will not lie to an order modifying or amending a judgment in a habeas-corpus case. In fact no such analogy exists. The statute provides that "in all cases where an application for injunction or receiver is granted or refused" a fast writ of error will lie. Civil Code, § 6153. This language was given a literal construction, and fast bills of exceptions were limited to judgments granting or refusing an injunction or receiver. But a fast writ of error lies to any reviewable judgment in a habeas-corpus case, and is not limited by the statute to the grant or refusal of the writ as in cases of injunction. An apparently contrary intimation was made in *Thompson* v. *Thompson,* 124 *Ga.* 874 (53 S. E. 507) ; but as

the judgment under review in that case was an order allowing temporary alimony and providing for the custody of children of the marriage, made in an action for divorce, what was said is not controlling on the question. The construction now given to the statute accords both with the spirit and letter of the law. The writ of habeas corpus has always been regarded as a bulwark of the liberty of English-speaking people. It is safeguarded in the constitution of our State. It is a summary and speedy remedy, and the manifest intent of the legislature was that a review of a judgment rendered in a habeas-corpus case should be speedily heard and determined. The judgment under review was rendered in a habeas-corpus case, and the bill of exceptions falls within the provisions of the act of 1897.

2. We construe the petition as a motion to amend a judgment. The rule is that such motion must be brought to the court wherein the judgment was rendered. *Woolfolk* v. *Gunn, 45 Ga.* 117. Ordinarily notice must be given to the adverse party; and if he happens to reside in another county, the court by appropriate order may require him to be served, by the sheriff of the county of his residence, with a copy of the motion to amend and of the order appointing a time and place of hearing.

3. It is sought to amend the original judgment in the habeas-corpus case on the merits of the cause, by reason of facts and conditions transpiring since its rendition. Can this be done? It is pretty well settled that the principle of res adjudicata is applicable to proceedings in habeas corpus, involving an inquiry into and a determination of the rights of conflicting claimants to the custody of minor children. Says Mr. Freeman in his treatise on Judgments (vol. 1, § 324) : "The principles of public policy requiring the application of the doctrine of estoppel to judicial proceedings, in order to secure the repose of society, are as imperatively demanded in the cases of private individuals contesting private rights under the form of proceedings in habeas corpus as if the litigation were conducted in any other form." Partaking of the general characteristics of conclusiveness between the parties as ordinary judgments, such judgments likewise fall under the general rule regarding their amendment. In respect to amendment of judgments the general rule is, that after the expiration of the term at which the judgment was rendered it is out of the power of the court to amend it in

any matter affecting the merits. This is especially true of any attempt to amend a judgment on the merits, based on events and facts subsequently transpiring. A judgment bears upon the matters in issue at the time of its rendition, and from the nature of things can not be amended so as to conform to facts not adjudicated at the time. After the expiration of the term, unless the cause is depending, and the parties are in court, their power over the record is confined to the correction of clerical errors, making parties in certain cases, and supplying omissions. 1 Black on Judgments, § 154; Civil Code, §§ 3278, 5697.

It is contended that from the peculiar nature of this judgment the case is still so pending as to give jurisdiction to the court which rendered it to modify or amend its terms. We do not think so. The judgment contains a recital of the facts impelling the judge to reach the conclusion which he expressed as the judgment of the court. That judgment was that the grandmother should have the custody of the child for a definite period, when she should relinquish her possession of the child to the father. That was a final adjudication. The court did not retain the case for further direction or modification of the judgment. A father is entitled to the custody of his child, unless there is some legal reason why he should forfeit this natural right. In the habeas-corpus judgment the court adjudicated that the father should be denied the custody of his child for a specified period of time. Upon the expiration of that time the father's right to the child revested under the judgment. If the grandmother desires to contest with the father his right to the possession of his child because of matters transpiring since the judgment, she has her remedy, but that remedy is not by petition to amend the judgment.

We are cited to the case of *Marietta Chair Company* v. *Henderson,* 121 *Ga.* 399 (49 S. E. 312; 104 Am. St. R. 156, 2 Ann. Cas. 83), as a precedent for the mode of procedure taken in this case. In a former case between the same parties a decree was entered, perpetually enjoining the defendant from obstructing a street, which had been done with the permission of a municipality without charter authority to give such permission. Subsequently the municipality was given authority by the legislature to close the street. Thereupon the defendant filed an independent petition against the plaintiff, setting up the changed conditions occurring since the

judgment, praying relief against the former judgment; and this court held that such a proceeding was maintainable. This ruling is based upon the principle that if developments subsequent to rendition of the judgment be of such a nature that it would be inequitable to enforce it, and no adequate legal remedy be available to prevent its enforcement, an equitable action will lie to vacate or modify the judgment. This is a very different proceeding from that adopted in the case at bar. The procedure in the instant case is to amend a judgment, and, treating it as such, its venue was the county of the court which rendered the judgment. Should we treat it as an independent suit, then the venue would be in the county of the residence of the defendant. In any event the petition should have been dismissed on demurrer.

*Judgment reversed. All the Justices concur, except Fish, C. J., and Hill, J., dissenting.*

FISH, C. J. I can not agree to the ruling announced in the first headnote. In my opinion a fast writ of error will not lie to review a judgment overruling a demurrer to a petition to amend a judgment rendered in a habeas-corpus proceeding. It has been held by this court in numerous cases that rulings on a demurrer, or a motion to dismiss in the nature of a demurrer, are not reviewable by fast writ of error. Among the later cases to this effect are *Johnson* v. *Cravey,* 120 *Ga.* 1047 (48 S. E. 424) ; *Foster* v. *Case,* 126 *Ga.* 714 (55 S. E. 921) ; *Town of Alapaha* v. *Paulk,* 130 *Ga.* 595 (61 S. E. 401). "The general rule is that cases must come to this court on an ordinary writ of error, and the statute making an exception to this rule has always been strictly construed." *Thompson* v. *Thompson,* 124 *Ga.* 874 (53 S. E. 507). To my mind the provisions of the act of 1897 (Acts 1897, p. 53) do not make an exception to the general rule so far as to authorize a fast writ of error to review a ruling made on a demurrer in a habeas-corpus case. According to that act "all bills of exception in habeas-corpus cases . . shall, as regards the practice of the lower court and in the Supreme Court, relating to the time and manner of signing, filing, serving, transmitting, and hearing the same, be governed in all respects, where applicable, by the laws now of rule and force in reference to bills of exceptions in cases of injunction." It is clear to me that this act merely made the laws "in reference to bills of exceptions in cases of injunction" applicable to bills of exception

in habeas-corpus cases, as to time and manner of signing, filing, serving, transmitting, and hearing the same. Civil Code, § 6153, which at the time of its adoption embodied the rules of practice as to fast bills of exceptions, provides: "In all cases where an application for an injunction or receiver is granted or refused; in all applications for discharge in bail-trover and contempt cases; granting or refusing application for alimony, mandamus, or other extraordinary remedy; the granting or refusing of an application for attachment against fraudulent debtors; and in all criminal cases, the bill of exceptions shall be tendered and signed within 20 days from the rendition of the decision, and the opposite party be served, within 15 days from such signing, with the bill of exceptions; and the clerk shall, within 15 days from such service, make out a transcript of the record and transmit the same immediately to the Supreme Court then in session, and if not in session, then to the very next session;" etc. It will be noted that bills of exceptions in habeas-corpus cases are not embraced in the provisions of this section. As already stated, the act of 1897 made the laws in force at the time of its passage, "in reference to bills of exceptions in cases of injunction," applicable as to signing, filing, serving, etc., to all bills of exceptions in habeas-corpus cases. A fast writ in cases of injunction lies only where an application for an injunction is granted or refused. Civil Code, § 6153. And it has been so held in many cases by this court. Moreover, it has been uniformly held that a fast writ will not lie to review a judgment on demurrer in an injunction case, nor to the refusal to dissolve an injunction. See cases above cited; also *Berry* v. *Parker,* 130 *Ga.* 741 (61 S. E. 541), and cases cited; *Watterson* v. *Stubbs,* 135 *Ga.* 368 (69 S. E. 487). Strictly construing the provisions of the act in question, its language should not be held to provide for a fast writ in a case where a writ of error would not lie "in cases of injunction." The question involved in this case is not whether a fast writ of error will lie to an order modifying or amending a judgment in a habeas-corpus case, for the reason that no such order was granted. In *Thompson* v. *Thompson,* 124 *Ga.* 874 (53 S. E. 507), it was held: "An order modifying a previous order based on a motion for alimony, determining the custody of children pending the litigation, can not be reviewed on fast writ of error." Such ruling was made notwithstanding it is declared in the Civil Code, § 6152,

that a fast writ lies to the "granting or refusing application for alimony." In delivering the opinion in that case, Presiding Justice Cobb said: · "A fast writ of error lies to review an order granting or refusing alimony, and not to every order that may have been passed while such application for alimony was pending. See *Gordon* v. *Gordon*, 109 *Ga*. 262 [34 S. E. 324]. But it was said that this was in fact a habeas-corpus case, and that under the act of 1897 (Acts 1897, p. 53) all bills of exceptions in habeas-corpus cases shall, as regards the practice of the lower court and the Supreme Court, be governed in all respects, where applicable, by the laws of force in reference to bills of exceptions in cases of injunction. Where an application for injunction is granted or refused, the ruling complained of may be reviewed on fast writ of error. Civil Code, § 5540. An order modifying an interlocutory injunction is not reviewable by a fast writ of error. *Stubbs* v. *McConnell*, 119 *Ga*. 21 [45 S. E. 710], and cit. Even if the case be treated as a habeas-corpus case, the order complained of is one modifying the judgment in the habeas-corpus case; and applying the rule applicable in cases of injunction, the order can not be reviewed on fast writ of error." This was said in answer to the contention there made that the case then under review was a habeas-corpus case. Even if the language quoted be not controlling on the question in the present case, but must be construed as merely argumentative, in my opinion it is sound argument and sound law. If it be true, then, that an order modifying a judgment in a habeas-corpus case can not be reviewed on a fast writ of error, it must be true, and with more reason, that a judgment overruling a demurrer to a petition for the modification of such an order can not be reviewed on a fast writ.

While reasons may be urged why a judgment on demurrer in a habeas-corpus case should be more speedily heard and determined than a judgment on demurrer in an injunction case, it is obvious that reasons may be presented why this should not be so. However, the merits of such a controversy are not here for decision. The only point for determination is, did the act of 1897 provide for review by a fast writ of error of a ruling on demurrer in a habeas-corpus case? To me it is manifest that it did not, but on the contrary it expressly and unequivocally declared that all bills of exceptions in habeas-corpus cases shall be governed in all respects,

where applicable, by the laws of force in reference to bills of exceptions in cases of injunction. I therefore say that if a judgment on demurrer in an injunction case can not be reviewed by fast writ, the same rule under the act of 1897 must apply as to a demurrer in a habeas-corpus case.

It is true that the writ of habeas corpus has been referred to as a bulwark of the liberty of English-speaking people, that it is a summary and speedy remedy, and that it is safeguarded in the constitution of our State; but these facts do not impress me as indicating a legislative intent to set apart a habeas-corpus case as the solitary exception to the well-established practice under the statutes of this State and the decisions of this court, that rulings on a demurrer or a motion to dismiss in the nature of a demurrer are not reviewable by fast writ of error, especially in view of the fact that the statute providing for a fast writ of error where an application for an injunction is granted or refused was in existence for more than a quarter of a century before the passage of the act providing that all bills of exceptions in habeas-corpus cases shall be governed by the law "in reference to bills of exceptions in cases of injunction." If it be true that it is more important to have a ruling on a demurrer in a habeas-corpus case reviewed by a fast writ than it is to have such a ruling so reviewed in an injunction case, then it seems that the legislative mind was rather tardy in coming to such a conclusion. In my judgment, however, no such conclusion was ever reached by the General Assembly; but if so, I am quite sure that it is not indicated by the act of 1897. I am authorized by Justice Hill to state that he concurs in my dissenting opinion.