PORTER *et al.* v. McCALLEY.

PER CURIAM. A mother filed in the court of ordinary a petition for the writ of habeas corpus to recover possession of her child, a girl twelve years of age. The respondents claimed a right to the child by virtue of a gift from her mother, set up other grounds for keeping the child, and prayed that their right be established by judgment of the court and that the custody be permanently awarded to them. At the hearing a judgment was rendered awarding the custody of the child to the respondents as prayed. Without excepting to this judgment, the plaintiff on the following day brought a similar action against the same respondents before the judge of the superior court. The respondents by

answer set up the judgment of the ordinary in bar, and by separate an-
swer the original defense before the ordinary. By consent both pleas were
heard together. After introduction of evidence by both sides, the judge
passed an order as follows: "Neta Vernice Skidmore being brought be-
fore the court upon a petition for habeas corpus granted at the instance
of Mrs. Bessie McCalley, her mother, alleging that said child was in
the custody of J. F. Porter and his wife, Clara Porter, and alleging
that said child, being of the age of twelve years, was illegally detained
by said J. F. Porter and wife, Clara Porter, to which writ said defend-
ants have made response and answer, admitting that the said Neta
Vernice Skidmore is the child of the said Bessie McCalley and was com-
mitted to their custody by her, but alleging that the said Bessie M.
McCalley is not a fit and proper person to have the care and custody
and training of said child: after hearing the evidence offered by the
respective parties and the argument of counsel, it is ordered, considered,
and adjudged, that the supervision and control of said child will be
held by the court in abeyance; that for the present the custody of said
child be remanded to J. F. Porter and wife, Clara Porter, to be kept by
them until the last day of May, 1916, at which time the public schools
will close, then delivered to the applicant, Bessie M. McCalley, to be re-
tained by her until such time as the public schools in Cobb County shall
be again opened, and the child shall then be returned to the said J. F.
Porter and wife and kept by them until the first day of December, 1916,
at which time the court will hear evidence as to the continued good
conduct and evidences of reformation upon the part of the mother, and
will then provide further order for the custody of said child; it being
the purpose of the court that in the event satisfactory evidence is
brought to the court to show that its mother had permanently re-
formed, leading a correct life, the custody and care of the child shall be
fully restored to her. Neither party is allowed to remove the child be-
yond the limits of the State of Georgia, and any removal of the child
beyond the limits of the State of Georgia, except by express leave of
the court, shall be considered as an act of contempt of the court and
render the parties liable to punishment therefor. Granted this the
29th day of March, 1916." The respondents excepted. A motion was
made in the Supreme Court to dismiss the writ of error, on the ground
that the judgment complained of was not final and the case was pre-
maturely brought to this court. *Held:*

1. Properly construed, the judgment overruled the plea in bar, and de-
prived the respondents, at least temporarily, of the possession of the
child and gave it to the opposite party. This being the effect of the
judgment, and it having been rendered in a habeas-corpus proceeding,
the writ of error was not premature; and accordingly the motion to
dismiss the bill of exceptions is denied. *Richards* v. *McHan,* 139 *Ga.*
37 (76 S. E. 382).

2. The judgment of the court of ordinary, until reversed or set aside, was
conclusive on the question of gift of the child to the respondents, and
upon their right as against the plaintiff to its possession, and as to
their fitness to have possession of the child. There was no evidence to

authorize the finding that, after the judgment by the ordinary, any change arose affecting the welfare of the child or the circumstances of the respondents, as illustrating their fitness to have possession of the child. *Kirkland* v. *Canty,* 122 *Ga.* 261 (50 S. E. 90); *Barlow* v. *Barlow,* 141 *Ga.* 535 (81 S. E. 433, 52 L. R. A. (N. S.) 683).

3. "Where the writ of habeas corpus is used as a means of determining the custody of an infant, the better practice is to hear evidence viva voce, or taken by deposition or interrogatories, after notice and with opportunity for cross-examination. But this is not an absolute and inflexible rule, and the presiding judge is vested with discretion as to admitting affidavits under the circumstances of a particular case which render it necessary or proper." *Robertson* v. *Heath,* 132 *Ga.* 310 (64 S. E. 73). When affidavits are permitted to be used, they should be executed at least with the same formality as is required at interlocutory hearings for injunction. In such cases affidavits which do not, upon the face of the paper, describe the case in which they are intended to be used are not admissible in evidence. *Horton* v. *Fulton,* 130 *Ga.* 466 (60 S. E. 1059).

4. The judge erred in rendering the judgment upon which error is assigned.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent, and*
HILL, J., dissenting. It seems to me clear that the order to which the bill of exceptions is taken is not a final judgment, and that the case is still pending in the court below; and unless the judgment is a final disposition of the case, it can not be brought to this court. Civil Code, § 6138. The trial judge did not consider it a final judgment, for it recites that "for the present" the child will be remanded to the defendants for a certain length of time, and then delivered to the mother until a certain time; and after that the child was to be returned to the defendants again and kept by them "until the first day of December, 1916," when, as the order recites, the court would hear evidence as to the good conduct of the mother, and would then "provide by further order for the custody of said child," etc. Properly construed, the order in this case is a temporary or administrative one until the final hearing in December, when the court would hear further evidence and make a final order as to the disposition of the child. I do not think the case of *Richards* v. *McHan,* 139 *Ga.* 37, cited by the majority, is in point or controlling.

MARCH 1, 1917.

Habeas corpus.  Before Judge Patterson.  Cobb superior court. March 29, 1916.

*N. A. Morris* and *George D. Anderson,* for plaintiffs in error.

*J. L. Anderson,* contra.