KENT *v.* JEFFERSON MORTGAGE COMPANY *et al.*

No. 12856.   September 14, 1939.
Motion for direction denied October 14, 1939.

*Lowndes Calhoun,* for plaintiff.

*Lyman Hilliard, Robert Lee Avary Jr.,* and *Scott Candler,* for defendants.

Reid, Chief Justice.   H. H. Kent filed in the superior court a petition seeking to enjoin prosecution of a dispossessory-warrant proceeding instituted against him in the municipal court of

Atlanta by the Jefferson Mortgage Company. He set up that the defendant had no title to the property in question, but that the title was in him; and alleged that a certain lease contract executed by him to the defendant was obtained by fraud and should be set aside. On interlocutory hearing, on the motion of the defendant, a receiver was appointed to take charge of the property pending the litigation. Kent filed a motion to dissolve the receivership, on substantially the same facts as set out in his petition for injunction. This motion was denied. *Held:*

■ The judgment refusing to dissolve the receivership constituted a mere interlocutory judgment which can not be reviewed by this court on a direct bill of exceptions. *Akins* v. *Mull,* 150 *Ga.* 459, 460 (104 S. E. 209); *Foster* v. *Merchants & Mechanics Banking & Loan Co.,* 163 *Ga.* 63 (135 S. E. 405); *Eagle Publishing Co.* v. *Mercer,* 154 *Ga.* 246, 254 (114 S. E. 26); *Pennington* v. *Macon County Bank,* 156 *Ga.* 767 (120 S. E. 107); *Cook* v. *Board of Commissioners of Houston County,* 54 *Ga.* 163; *Pace* v. *Pace,* 150 *Ga.* 666 (104 S. E. 638).

■ In the order appointing the receiver he was directed to dispossess the plaintiff, "unless rent is paid within five days from this date (at a rate equal to the best rental rate obtainable elsewhere), in advance." No exception was taken to this judgment. Thereafter the plaintiff defaulted in the payment of the rent, and the court granted to the receiver leave to institute dispossessory-warrant proceedings against the plaintiff. Under the facts of the case this was a mere interlocutory administrative order granted to carry into effect the previous judgment appointing the receiver to seize and manage the property pending the litigation; and it is not such a final judgment as will support a direct bill of exceptions to this court. See *Smith* v. *Johnson,* 148 *Ga.* 660 (97 S. E. 856); *Lester* v. *Wright,* 147 *Ga.* 242 (93 S. E. 406); *Gibson* v. *Motor Finance Co.,* 37 *Ga. App.* 392 (140 S. E. 424); *Spires* v. *Beane,* 46 *Ga. App.* 843 (169 S. E. 386); *A. D. L. Sales Co. Inc.* v. *Gailey,* 48 *Ga. App.* 798 (173 S. E. 734). The case of *Lamar* v. *Taylor,* 141 *Ga.* 227 (80 S. E. 1085), is clearly distinguishable on its facts from the present case.

■ Under the above rulings the writ of error is premature, and must be *Dismissed. All the Justices concur.*