WILLIE *v.* ALWOOD *et al.*

No. 14106. MAY 27, 1942.

*J. Roy Rowland* and *Emory L. Rowland,* for plaintiff in error.
*W. Wright Abbott, M. C. Barwick, N. J. Smith,* and *M. Cook Barwick,* contra.

REID, Chief Justice. 1. Pending litigation which had been instituted by petition of Alwood et al. against Mrs. Willie et al., and after the appointment of a temporary receiver for the property of the defendants, Mrs. Willie made an application to the court, in which she urged that under the powers given to the receiver he could not operate a business included in the res of his appointment, and "that said property should be rented to the person who could best preserve it as a business," etc. She prayed "that this court do now grant an order authorizing and directing the receiver to rent said property," showing what a reasonable rental would be, etc. Notice of such petition and of a hearing to be had thereon was given to all parties to the case, and at the hearing an order was entered, directing the receiver to deliver the described property to H. C. Jones, one of the claimants, "provided the said H. C. Jones will at the time of delivery of the possession file with the clerk of the superior court, to be approved by such officer, a bond [payable to Mrs. Willie] to pay her a reasonable rental for the property in dispute, if she should finally prevail in her suit to cancel the security deeds of W. E. Alwood and W. T. Freeman." The bill of exceptions before us, filed by Mrs. Willie, recites the foregoing order, and says: "To which said judgment, ordering the property delivered to H. C. Jones, the defendant then and there excepted, and now excepts and assigns the same as error as being contrary to law, and says that the said judge should then and there have dismissed the receiver and refused to order the property delivered to H. C. Jones." *Held*, that the order excepted to "was a mere interlocutory, administrative order granted to carry into effect the previous judgment appointing the receiver to seize and manage the property pending the litigation; and it is not such a final judgment as will support a direct bill of exceptions to this court." *Kent* v. *Jefferson Mortgage Co.*, 188 *Ga.* 854 (5 S. E. 2d, 46), and cit. See *Lambert Hoisting Engine Co.* v. *Dexter*, 127 *Ga.* 581 (56 S. E. 778) where on a similar order the court ruled: "The order was a mere direction to the court's own officer, its receiver, and appropriate exceptions pendente lite were necessary for the purpose of reviewing the decision of the court. As the case, upon its merits, is still pending in the court below, the writ of error is prematurely sued out, and this court is without jurisdiction." See *Watterson* v. *Stubbs*, 135 *Ga.* 368 (69 S. E. 487).

*Writ of error dismissed. All the Justices concur.*