## MELTON v. HOLLAND, receiver, *et al.*

HEAD, Justice. A motion is made to dismiss the bill of exceptions on several grounds. The bill of exceptions recites that on March 5, 1948, receivers for the property claimed by, and in the possession of, the plaintiff in error were appointed by the consent of all parties. After service on all parties, the application of the receivers for direction came on for hearing on May 7, 1948. On the latter date an order was entered directing the receivers "to allow the defendant, James R. Melton, to remain in possession of the property . . so long as he shall pay to the receivers the sum of $75.00 per month. . . On his failure to make such payment the receivers are ordered to exclude him from possession of said property." Error is assigned on this order, and to an order allowing an amendment by Holland Plumbing Company, and to the "overruling [of] the motion by the defendant, James R. Melton, to modify the original order previously granted [appointment of receivers by consent of all parties], impounding the described premises." *Held:*

1. "No cause shall be carried to the Supreme Court . . upon any bill of exceptions while the same is pending in the court below, unless the decision or judgment complained of, if it had been rendered as claimed by the plaintiff in error, would have been a final disposition of the cause or final as to some material party thereto." Code, § 6-701.

(*a*) An interlocutory order or judgment refusing to dissolve a receivership can not be reviewed·in this court on a direct bill of exceptions. *Kent* v. *Jefferson Mortgage Co.,* 188 *Ga.* 855 (5 S. E. 2d, 46), and cases cited.

(*b*) The direction to the receivers to collect rents from the defendant, or exclude him from the property, was an administrative order to carry into effect the former order appointing the receivers (which order was by consent of all parties), and is not such a final judgment as will support a direct bill of exceptions. *Kent* v. *Jefferson Mortgage Co.,* supra, and cases cited.

(*c*) The overruling of a motion to strike an amendment offered by the plaintiff in the court below is not such a final judgment as may be brought to this court by direct bill of exceptions for review.

*Writ of error dismissed. All the Justices concur, except Bell, J., absent on account of illness.*

No. 16384. OCTOBER 11, 1948. REHEARING DENIED NOVEMBER 18, 1948.

*James Glenn Lamar*, and *E. B. Judge*, for plaintiff, in error. *Augustine Sams, Grigsby H. Wotton, John J. Poole, Rowland Neeson, J. F. Kemp*, and *Alston, Foster, Sibley & Miller*, contra.