20184. STEPHENSON *v.* STEPHENSON.

SUBMITTED SEPTEMBER 8, 1958—DECIDED OCTOBER 10, 1958.

*Frank M. Gleason, L. D. Miller, Jr.,* for plaintiff in error.
*Shaw & Shaw, George P. Shaw, Claunch & Schumacker,* contra.

ALMAND, Justice. The judgment under review is one sustaining the demurrers to an amendment to a petition for divorce, alimony, attorneys' fees, and custody of four minor children.

After Mrs. Ellen M. Stephenson had filed her action for divorce

against Wallace O. Stephenson, an order was entered approving an agreement between the parties, settling the prayers of the plaintiff for temporary alimony and attorneys' fees. Thereafter she filed an amendment to her petition, wherein she asserted that there were three other minor children, who were members of the defendant's household whom the defendant is legally liable to support. (It was neither alleged that these minors were the children of the defendant nor that they had ever been adopted by him.) The prayers of the amendment were that: (a) the amendment be allowed; (b) the defendant show cause why the order settling temporary alimony should not be revised to provide for the support of the seven children; (c) attorneys' fees be allowed; and (d) the defendant be required by order to answer certain questions propounded in the amendment. The court allowed the amendment subject to demurrer, and issued a rule nisi requiring the defendant to show cause why the order of temporary alimony should not be revised. The defendant filed general and special demurrers to the amendment and after a hearing the general demurrers and certain grounds of the special demurrers were sustained and the amendment to the petition was dismissed.

The court in its order did not grant or refuse the prayers for the award of additional temporary alimony. The order excepted to is one sustaining demurrers to an amendment to the plaintiff's petition and dismissing the amendment. This is not such an order as is reviewable by a direct bill of exceptions under the purview either of Code (Ann.) § 6-701 or of Code (Ann.) § 6-903. See *Piedmont Co.* v. *Kelley,* 125 *Ga.* 759 (54 S. E. 748); *Ivey* v. *Mayor &c. of Forsyth,* 164 *Ga.* 705 (139 S. E. 354); *Wills* v. *Manning,* 193 *Ga.* 705(1) (19 S. E. 2d 522); *Melton* v. *Holland,* 204 *Ga.* 539 (50 S. E. 2d 211). There being no assignment of error upon a final judgment or upon an order granting or refusing to grant temporary alimony, this court is without jurisdiction to consider the exception to the order dismissing the amendment to the plaintiff's petition.

*Writ of error dismissed. All the Justices concur.*