39226. DIXIE SEED COMPANY v. SMITH *et al.*

DECIDED JANUARY 24, 1962.

*J. Willis Conger, Conger & Conger,* for plaintiff in error.

*Cain & Smith, George T. Smith,* contra.

FELTON, Chief Judge. Dixie Seed Company sued Linwood Agnew Smith and Francis Durham Bugg, doing business as Smith's Seed & Feed Company, for damages of $1,574.50, arising out of the purchase by the plaintiff of collard seed, allegedly misrepresented by the defendants to be Vates Collard seed,

rather than Georgia-type collard seed, which the plaintiff later discovered them to be. The trial court sustained the defendant's general and special demurrers to the petition. On appeal to this court, the judgment of the lower court in sustaining the general demurrer was reversed (*Dixie Seed Co. v. Smith*, 103 Ga. App. 386, 119 SE2d 299), the court holding that the petition stated a cause of action ex contractu for breach of warranty, although it did not state a cause of action ex delicto for fraud and deceit, since it did not contain the essential allegations that the defendant's misrepresentations were made with knowledge of their falsity, or with the equivalent of knowledge, with intent to deceive the plaintiff. After the judgment of this court was made the judgment of the lower court, the trial judge allowed, subject to demurrer, an amendment to the petition, seeking to increase the recovery sought to $2,289.50 and to allege facts necessary for perfecting a cause of action ex delicto for fraud and deceit. The defendants renewed their general and special demurrers to the original petition, demurred to the petition as amended and demurred to the amendment, in that it was an effort on the part of the plaintiff to convert an action on contract to one in tort, thereby seeking to set up a new and distinct cause of action. After a hearing the trial judge sustained the demurrers to the amendment and ordered it stricken, to which judgment the plaintiff in error, plaintiff below, excepts.

The order of the court did not rule upon the general or special demurrers to either the original or the amended petitions, nor does the plaintiff in error except to such rulings. The order excepted to is one sustaining demurrers to an amendment to the plaintiff's petition and striking the amendment. "This is not such an order as is reviewable by a direct bill of exceptions under the purview either of *Code Ann.* § 6-701 or of *Code Ann.* § 6-903. See *Piedmont Co. v. Kelley*, 125 Ga. 759 (54 SE 748); *Ivey v. Mayor &c. of Forsyth*, 164 Ga. 705 (139 SE 354); *Wills v. Manning*, 193 Ga. 705 (1) (19 SE2d 522); *Melton v. Holland*, 204 Ga. 539 (50 SE2d 211)." *Stephenson v. Stephenson*, 214 Ga. 443, 444 (105 SE2d 458). *Code Ann.* § 6-701 provides, in part: "No cause shall be carried to the Supreme Court or Court of Appeals upon any bill of exceptions while the same is pending in

the court below, unless the decision or judgment complained of, if it had been rendered as claimed by the plaintiff in error, would have been a final disposition of the cause. . ."

There being no assignment of error upon a final judgment, this court is without jurisdiction to consider the exception to the order dismissing the amendment to the petitition.

*Writ of error dismissed. Bell and Hall, JJ., concur.*