No. 40.—THE GEORGIA RAILROAD AND BANKING COMPANY, plaintiff in error, *vs.* ALFRED SHORTER *et al.* defendants.

[1.] Under the Act of 1850, the Clerk of the Superior Court has until the first day of the session of the Supreme Court to certify and send up the transcript of the record.

[2.] The bill of exceptions must be authenticated, by the certificate of the Clerk, as the *original* filed in his office.

Motion to dismiss writ of error.

ALEXANDER, for the motion.

McDONALD, *contra.*

*By the Court.*—WARNER, J. delivering the opinion.

[1.] This is a motion to dismiss the plaintiffs' writ of error on several grounds, two only of which are material and necessary to be considered. The first ground taken by the defendant is, that the Clerk of the Superior Court of Floyd County did not make out and forward to this Court a complete transcript of the record within ten days from the filing the notice with the entry of service thereon. By the 3d section of the Act of 1850, it is made the duty of the Clerk of the Superior Court to make out a *copy* of the bill of exceptions and send it up to the Supreme Court on or before the first day of Court to which the writ of error is returnable, *with the transcript of the record,* and file the original bill of exceptions in his office, for the inspection of all parties interested. *Cobb's Dig.* 454. By the second section of the Act of 1852, the Clerk of the Superior Court is required to retain in his office a copy of the bill of exceptions, and send up the *original* to the Supreme Court, with the papers in the cause. See *Acts* 1851–2, 215. It will be perceived, that by the 3d section of the Act of 1850, the Clerk of the Su-

The Georgia Railroad and Banking Company *vs.* Shorter.

perior Court had until the first day of the Supreme Court to which the writ of error was made returnable, to send up the transcript of the record. The second section of the Act of 1852, only repeals so much of the third section of the Act of 1850 as relates to the sending up the *original* bill of exceptions, instead of the *copy ;* so, that as the law now stands, the Clerk of the Superior Court has until the first day of the Supreme Court to which the writ of error is made returnable, to send up the transcript of the record, instead of ten days from the filing the notice with the entry of service thereon, as required by the original Act of 1845. The motion to dismiss the writ of error on the first ground taken, is therefore overruled.

[2.] The second ground taken to dismiss the writ of error is, because it does not appear from the Clerk's certificate, or otherwise, that the bill of exceptions sent up by him, is the *original* bill of exceptions filed in his office. By the fourth section of the Act of 1845, the Clerk of the Superior Court is required to *certify*, and send up to the Supreme Court, a complete transcript of the entire record of the cause below, *duly certified* under his hand and seal of office, and *also the bill of exceptions.* 1 *Kelly*, 7. The 31st rule of practice declares, that no cause shall be considered as properly brought up, so as to authorize this Court to hear and determine the same, unless the Clerk shall *certify*, and send a complete transcript of the entire record below, *together with the bill of exceptions*, within ten days after filing of the original notice of the bill of exceptions, with the return of service thereon. 1 *Kelly*, 16.

The time within which the transcript of the record and bill of exceptions is to be sent up has, as we have already shewn, been extended by the Act of 1850.

By the 1st section of the Act of 1852, it is declared, that when the original writ of error, original citation and notice, and the *original bill of exceptions*, shall be filed and served within the time precribed by law, no cause pending in the Supreme Court shall be dismissed, but any other error or defect shall be amended instanter. *Acts* 1852, *page* 215. By

the Act organizing this Court, the Clerk of the Superior Court is required to *certify* and send up the bill of exceptions *duly certified,* under his hand and seal of office.   By the 31st rule, the Clerk of the Court below is required to *certify* and send up the bill of exceptions.   The 3d section of the Act of 1852 requires, that the *original* bill of exceptions shall be sent up to the Supreme Court.   For the protection of the rights of the parties, in justice to the Court below, and in obedience to the organic law and the rule of practice founded thereon, this Court must hold, that the bill of exceptions sent up to it, shall be authenticated by the certificate of the Clerk of the Superior Court, to be the *original* bill of exceptions filed in his office.   Such fact not having been certified to by the Clerk of the Superior Court of Floyd County in this case, the writ of error must be dismissed.