McDANIEL & STRONG, plaintiffs in error, vs. ROBERT BAUGH, Superintendent of Western and Atlantic Railroad, defendant in error.

1. Where the bill of exceptions was filed in the clerk's office of the superior court on July 15th, 1876, and was certified, with a transcript of the record, on the 19th of the same month, but was not forwarded to the clerk's office of this court until January 5th, 1877, the return day of the present term being December 26th, 1876, the case will not, on motion, be entered on the docket of this term, and this though it may be shown that the clerk of the superior court was unable, by reason of indisposition, to transact official business from December 1st until after said return day.—(R.)

2. Diligence would have required that counsel should have applied for *mandamus* against the clerk, when he failed to forward the bill of exceptions and a transcript of the record within ten days from the date of the filing of the former in his office.—(R.)

Practice in the Supreme Court.    January Term, 1877.

A motion was made by counsel for plaintiffs in error, to have the above stated case entered on the docket of the present term, upon the following statement of facts:

The bill of exceptions was filed in the clerk's office of the superior court of Fulton county, on July 15th, 1876, and was certified, with a transcript of the record, on the 19th of the same month. These documents reached the clerk's office of the supreme court on January 5th, 1877, after the return day to the present term, which was on the 26th day of December, 1876. Affidavits were submitted showing that the clerk of the superior court was unable to attend to official business from the 1st of December, 1876, until the return day was passed, on account of indisposition.

It was replied that the papers ought to have reached the clerk's office of this court long before this indisposition commenced; that diligence on the part of counsel for plaintiffs in error, would have required them to have applied for the writ of *mandamus* when the clerk failed to forward said papers within ten days from the date of the filing of the bill of exceptions in the clerk's office.

The court overruled the motion, enunciating the principles embraced in the above head-notes, and intimated very strongly, that the writ of error would be dismissed when the case should be called in its order at the next term.

ARNOLD & ARNOLD; E. N. BROYLES; D. F. & W. R. HAMMOND, for plaintiffs in error.

R. N. ELY, attorney general; N. J. HAMMOND, for defendant.