SAMUEL GOODMAN, plaintiff in error, *vs.* JOHN H. MORRIS, defendant in error.

1. Where the bill of exceptions has no certificate of the clerk attached thereto, that it is the true original, the writ of error will be dismissed.

2. Assuming that the 1st section of the act of February 26, 1877, is applicable when the bill of exceptions has not been authenticated at all by the clerk's certificate, and not alone to cases in which there has been a failure of the clerk of the superior court in transmitting the bill of exceptions and copy of the record to this court, still, to en-

title the plaintiff in error to a postponement of his case in order to prevent its dismissal, a properly authenticated bill of exceptions and copy of the record must reach the clerk of this court before it shall have finished the circuit to which the plaintiff's case belongs.

3. So far as said act provides for the hearing of cases which do not reach this court until after the circuit to which they appropriately belong has been finished, at the next term, it is unconstitutional.

Practice in the Supreme Court. Constitutional law. Before the Supreme Court. August Term, 1877.

Reported in the opinion.

R. E. Kennon ; Herbert Fielder, by Z. D. Harrison, for plaintiff in error.

J. H. Guerry, for defendant.

Warner, Chief Justice.

The defendant in error made a motion to dismiss the plaintiff's case on the ground that there was no original bill of exceptions, certified to be such by the clerk of the court below, as is required by the 4262d section of the Code. Upon an inspection of the record, there is what purports to be an original bill of exceptions, but whether it is the true original bill of exceptions, we do not know, as the clerk has failed to certify any thing at all in relation to that fact, as he was required to do by the section of the Code before cited. The true original bill of exceptions, when certified and signed by the judge, is the writ of error which brings the case into this court. Code, §4252. The plaintiff in error made a motion, under the provisions of the 1st section of the act of 1877, to postpone the case until after all the cases on the entire docket had been heard, so as to give him an opportunity to have the bill of exceptions properly certified by the clerk of the court below.

The general assembly, in the passage of the act of 1877, appear to have had two leading objects in view, so far as the

same could be constitutionally accomplished. First, to prevent the dismissal of cases in this court when, by reason of the failure of the clerk of the superior court in *transmitting* the bill of exceptions and copy of the record, or either of them, to the clerk of this court; and second, when the clerk of the superior court shall make any mistake in his entry of filing the bill of exceptions, or when it is discovered that the record is so incomplete that justice requires the case to be postponed, or continued, until the record can be made complete. Assuming that the first section of the act is applicable when the bill of exceptions has not been authenticated at all by the clerk's certificate, as in the present case, and not alone to cases in which there has been a failure of the clerk of the superior court in *transmitting* the bill of exceptions and copy of the record to this court, still, to entitle the plaintiff in error to the postponement of his case, which he seeks, and thus to prevent its dismissal, a properly authenticated bill of exceptions, and copy of the record, must reach the clerk of this court before it shall have finished the circuit to which the plaintiff's case belongs. The Pataula circuit, to which the plaintiff's case belongs, having been finished, and no properly certified bill of exceptions having reached the clerk of this court before that time, the case must be dismissed. It has been suggested, however, that the first section of the act of 1877 further provides, that in case the bill of exceptions and copy of the record shall not reach the clerk of this court before the cases from the circuit to which it belongs shall have been disposed of, said case shall not be dismissed on account of a failure to return or send up the same at the proper time, but shall be placed by the clerk of this court on the docket for the next term thereof, and then heard with the cases from the circuit to which said case belongs, and the clerk of this court shall give notice, etc. The reply to that suggestion is, that the last mentioned part of the act of 1877, which provides for the docketing and hearing the case at the second term of the court after it is brought, instead of at the first term thereof, is directly in the teeth of the constitution of

the state, which declares that " in case the plaintiff in error shall not be prepared at the first term to prosecute the case, unless prevented by providential cause, it shall be stricken from the docket, and the judgment below shall stand affirmed." The plaintiff having failed to produce a properly certified bill of exceptions, which entitled him to be heard thereon in this court, before the circuit to which his case belongs was finished, it is ordered that his case be dismissed.