GRAY, administrator, *vs.* FIELD.

60 315
93 217
60 315
99 648
60 315
124 635

Bills of exception to decisions granting or refusing injunctions must be certified within twenty days thereafter. No exception is made where the judge fails to sign the certificate without fault of the excepting party, as in other writs of error.

Practice in the Supreme Court. January Term, 1878.

The chancellor refused the injunction in this case on Feb. 4, 1878; a bill of exceptions was tendered on February 22. On February 25, the chancellor signed the usual certificate, adding the following clause: " Owing to my absence from home, and being out of the circuit, and without fault of plaintiff in error, this bill was not signed and certified until this day." On motion, the writ of error was dismissed.

A. T. AKERMAN, for plaintiff in error.

A. JOHNSON; W. R. STANSEL, by Z. D. Harrison, for defendant.

WARNER, Chief Justice.

This case came before this court on a bill of exceptions to the decision of the chancellor refusing to grant an injunction, under the provisions of the act of 1870, embraced in the Code. When the case was called for a hearing, the defendant in error made a motion to dismiss it, on the ground that the bill of exceptions was not signed within twenty days from the rendition of the decision. It appears from the bill of exceptions, that the decision was rendered on the 4th of February, 1878, and the bill of exceptions was signed on the 25th of February, 1878—more than twenty days after the decision was rendered. The statute makes no exception in these injunction cases, and it is quite probable none was intended to be made. See Code, §3213.

Let the writ of error be dismissed.