be more hazardous to engage in an affray with a mad-
man than with a rational being; and any reason for
protecting the company against the consequences of
the less dangerous fighting will apply with increased
force to the more dangerous.    Injuries caused by rash
or needless fighting with any description of combatant
are excluded from the scope of the policy.

The nonsuit was properly awarded, and we have
stated our reasons very fully for so deciding.

*Judgment affirmed*

---

## KENNEY v. WALLACE.

If a writ of error lies at all to a decision of the judge of the superior
court dissolving an attachment issued against a fraudulent debtor
under sections 3297, 3298 of the code, it is an ordinary, not a "fast"
writ.  Consequently this case, if it can be entertained, is return-
able to the next term.
Ordered, that it be entered on the docket of that term, to be properly
disposed of in its order.
July 13, 1891.

Practice in the Supreme Court.    Attachment.

The bill of exceptions was filed in the office of the
clerk of the superior court on February 20.    The pres-
ent term of the Supreme Court began on March 2.

R. J. JORDAN, for plaintiff.
BROYLES & SONS, for defendant.

---

. CUNNINGHAM v. SCOTT *et al.*

PRACTICE IN SUPREME COURT.   SERVICE.

1. On a review of the case of *Markham* v. *Huff*, 72 *Ga.* 106, holding
that "Where the record and bill of exceptions in an injunction
case were not transmitted to the clerk of the Supreme Court by
the clerk below within fifteen days from the service, the case must
be dismissed," the same is affirmed.

2. The service, the date of which is to be counted in estimating the fifteen days for transmission, is the service upon the opposite party in the cause brought up, and not a later voluntary service on a co-party with the plaintiff in error on whom the law requires no service to be made.

3. In this case, the date of service on the defendant in error being the 4th day of the month, and the date of the clerk's certificate to the transcript of the record being the 21st of the month, the transmission was too late, and the writ of error is                *Dismissed.*
July 13, 1891.

T. W. LATHAM and T. J. LEFTWICH, for plaintiff in error.

J. H. LUMPKIN, WILL. HAIGHT, ROSSER & CARTER, N. J. & T. A. HAMMOND and ELLIS & GRAY, *contra.*

---

THE SWIFT SPECIFIC COMPANY *v.* JACOBS *et al.*

There was no abuse of discretion in denying the injunction.
July 13, 1891.                          *Judgment affirmed.*

Injunction.     Before Judge MARSHALL J. CLARKE. Fulton superior court.     March term, 1891.

The Swift Specific Company by its equitable petition made, in brief, the following allegations: Petitioner manufactures a blood medicine popularly called S. S. S., put up in packages and bottles bearing a particular label, on which is the name of petitioner as manufacturer and said "S. S. S.", which is both the trade name and a trade-mark. The medicine is of great reputation and wide sale. Its composition is a trade secret. Petitioner has spared no pains in its manufacture to give it the greatest possible virtue and to keep it at a high standard of purity, and for many years has spent in preparing it and in advertising and selling it a very large amount of money. The property in the medicine is of great value, a value especially dependent upon the high reputation which the efforts of petitioner have given the medicine. Sometime during the present year a fire occurred in the