CALLOWAY *v.* THE STATE.        CALHOUN *v.* THE STATE.

1. The public policy of the State, as evinced by statute, being to require a speedy hearing on writs of error in criminal cases, a case of this class will not be postponed at the instance of parties or counsel except for providential cause, although counsel on both sides consent; and the absence of counsel for the plaintiff in error in attendance upon a conference of his church as a delegate, is not such cause.

2. By the act of September 7, 1891 (Acts of 1890–1, vol. 1, p. 108), bills of exceptions in criminal cases, as regards the practice both in the lower court and in the Supreme Court relating to the time and manner of signing, filing, serving, transmitting and hearing, are governed in all respects by the laws and rules then in force in reference to bills of exceptions in cases of injunction, in so far as such laws and rules are applicable. The laws referred to in respect to transmitting the bill of exceptions and transcript of the record from the trial court to this court required such transmission to be made by the clerk of the trial court within fifteen days after service of the bill of exceptions. Code, §3213. And failure to comply with this requirement would necessarily result

in dismissing the writ of error. *Pope* v. *Tift*, 51 *Ga.* 219; *Smith* v. *Wheatley & Co.*, 65 *Ga.* 299; *Markham* v. *Huff*, 72 *Ga.* 106; *Cunningham* v. *Scott*, 87 *Ga.* 506. It follows that a like failure to transmit the bill of exceptions and transcript of the record to which the act above referred to applies, must necessarily result in the same consequence. Because the transmission in each of these three cases was delayed beyond the time prescribed, the writ of error in each is　　*Dismissed and Judgment affirmed.*

December 6, 1892.

C. P. CRAWFORD, by brief, for Calloway.　H. G. LEWIS, solicitor-general, by HINES, SHUBRICK & FELDER, *contra*.

HARRIS & HARRIS, for Calhoun.　W. H. FELTON, Jr., solicitor-general, by brief, *contra*.