of law that, under the evidence for the defendant, were not applicable to the case; that it was too favorable to the State, and did not present his theory as to his right of self-defence against the assaults and battery of deceased; and that it led the jury to believe that, although he had been assaulted and beaten, he had no right to have the gun, nor to present it at deceased in order to protect himself from further violence.

The motion also contains a ground setting up newly discovered testimony tending to contradict a witness for the State as to the front door of the house being open when said witness and the two affiants who contradicted him reached the house shortly after the killing, and as to other points of less materiality. These affidavits were met by rebutting affidavits on the part of the State, tending to support the evidence introduced at the trial. No showing as to diligence was made in connection with this newly discovered evidence.

J. W. WALTERS and J. A. LAING, by HARRISON & PEEPLES, for plaintiff in error.

J. M. TERRELL, attorney-general, H. C. SHEFFIELD, solicitor-general, and HOYL & PARKS, contra.

---

### WINSHIP v. THE STATE.

The motion for a new trial having been overruled on July 7th; the bill of exceptions having been certified on August 4th, and served on August 5th; and the record not having been transmitted to this court until August 22d; and it thus appearing affirmatively that the bill of exceptions was not tendered and signed, nor the record transmitted to this court, within the time prescribed by law, the writ of error is dismissed. Acts of 1890–91, vol. 1, p. 108; Code, §3213; Calloway v. The State, 91 Ga. 112, 16 S. E. Rep. 379.　　　　　　　　　　　　　Writ of error dismissed.

October 24, 1893.

M. G. BAYNE, for plaintiff in error.

W. H. FELTON, Jr., solicitor-general, contra.