## GIBSON *et al. v.* THORNTON *et al.*

*Atkinson, J.*—1. The jurisdiction of this court to review final judgments in the trial courts is in each case dependent upon the existence of a legal writ of error. In cases of injunction the statute authorizing their speedy transmission to this court requires imperatively that bills of exceptions, complaining of errors committed, shall be certified within twenty days, and no exception is allowed by statute to this requirement, as in bills of exceptions in other cases. Hence, where upon the trial of an injunction case a final judgment was rendered on the twentieth day of March, 1896, and the bill of exceptions complaining of its rendition was not certified until the fourteenth day of May, 1896, the same was not certified within such time as to give this court jurisdiction to hear and determine the questions made. This is true even though the judge also certified that the delay in signing the certificate was not due to the fault of counsel, but that he was prevented from cer-

tifying such bill of exceptions at an earlier date in consequence of other official engagements.

2. The act of 1893, regulating the practice in such cases, and prohibiting the dismissal of writs of error, refers exclusively to default of the clerk in the transmission of the record, and saves from dismissal only writs of error not transmitted within the time required by law. *Gray* v. *Field*, 60 *Ga.* 315; *Roberts* v. *Leonard*, 62 *Ga.* 209; *Jackson* v. *The State*, 93 *Ga.* 216, and cases there cited.          *Writ of error dismissed.*

November 16, 1896. Argued at the last term.

*Persons & Son* and *Brannon, Hatcher & Martin*, for plaintiffs in error.

*J. J. Bull, A. J. Perryman* and *C. J. Thornton*, contra.