## SAVANNAH ELECTRIC COMPANY *v.* TUCK.

1. Where a bill of exceptions was duly filed in ample time to be trans-
mitted to this court for a hearing at the next term after the certification
thereof, but was mislaid by a copyist in the office of the clerk, and,
without fault on the part of plaintiff in error or its counsel, was not
promptly transmitted, and as a consequence the record and bill of ex-
ceptions arrived after the completion of the circuit to which it be-
longed, the case could not be docketed and heard at such term.
2. Under the special facts of this case, upon application, leave is granted
to the plaintiff in error or its counsel to have the official copy of the
bill of exceptions, of file in the office of the clerk of the superior
court, recorded there as an exception pendente. lite.

Submitted July 27, 1908.—Decided February 17, 1909.

Practice in the Supreme Court.

*Osborne & Lawrence* and *E. H. Abrahams,* for plaintiff in error.
*Twiggs & Gazan* and *Oliver & Oliver,* contra.

LUMPKIN, J. 1. Formerly it was held that when a record was
transmitted by the clerk of the superior court to this court after
the time in which the law required him to do so had elapsed,
the case would be dismissed. Then provision was made for re-
quiring prompt performance by him of his duty in that regard.
As early as 1870 an act was passed declaring that no case should
be dismissed because of a delay in transmission of the record,
provided it reached the Supreme Court in time to be heard at
the term to which it was returnable. Doubtless to prevent a
failure on the part of the clerk of the trial court to transmit
the record by the return day or even by the first day of the
term, if not caused by the act or consent of the plaintiff in error
or his counsel, from working a dismissal, the act of 1877 was
passed. *Georgia Railroad and Banking Co.* v. *Shorter,* 13 *Ga.*

300; *Hampton* v. *Hampton,* Id. 528; *Philo* v. *State, 54 Ga.* 697; *Roebuck* v. *State,* Id. 699; *McDaniel & Strong* v. *Baugh, 58 Ga.* 598; *Jackson* v. *Chastain, 67 Ga.* 756; *Farrar* v. *Oglesby, 84 Ga.* 188, 192 (11 S. E. 133). By the act of 1877 (Civil Code, §5571) it was sought to make provision for such cases. Two contingencies were provided for: (1) Where the record reaches this court before it has finished the circuit to which the case belongs. (2) Where it reaches this court after the conclusion of such circuit. The latter provision was held to be unconstitutional. *Davis* v. *Bennett, 72 Ga.* 766. The sentence containing it could not be cut in half, so as to leave the declaration that the case should not be dismissed, but cut off the balance, declaring what should be done with it. The two parts of the sentence were inseparably connected, and both fell together. This left the separable part of the act, which could stand alone,—the provision for cases arriving before the conclusion of the circuit,—to remain unaffected; but with no provision as to those arriving after such conclusion. In the present instance the bill of exceptions was filed with the clerk of the superior court in ample time to have been transmitted to the March term, 1908, of this court; but by reason of a mislaying of the paper, and without any participation therein by counsel, the clerk failed to transmit the bill of exceptions and record in due time, and did so only when counsel for plaintiff in error discovered that it had not been filed here and called his attention to that fact. It was sent up after the completion of the call of the Eastern circuit, except cases which had been set at the heel of the docket, in accordance with the first part of the act above mentioned.

Under these facts the case does not fall within the provision of the act which remains of force; nor can it be dealt with under the provision which has been held unconstitutional. We allowed the record and bill of exceptions to be filed and submitted to us on the question of practice, and accepted briefs on the merits, to be considered if we determined that we could do so. Upon consideration of the first point, however, we are of opinion that we can not now hear and determine the case on its merits, and that it must be dismissed.

2. Application was made, if we should reach the conclusion stated, that we should allow the bill of exceptions to be filed in

the court below as exceptions pendente lite. This application presents a point not free from doubt,—whether, considering the time of the transmission and filing of the record and bill of exceptions here, this court has jurisdiction to do anything but dismiss the case or strike it from the docket. It must be observed, however, that there is an apparent general tendency in the act of 1877, as well as in other acts codified in Civil Code, § 5563 et seq., in the direction of making provision to obviate dismissals and consequent final loss of cases because of acts of clerks of trial courts, where counsel for plaintiffs in error and their clients were not at fault. A reading of those sections and the acts from which they were codified suggests to the mind the language of the Decalogue, in which the mandates so often begin with the words "Thou shalt not." It does not follow as a matter of course that if an attorney should make an error, this court would be required to help him out of the consequences of his act. In fact the practice of using the power of this court to permit a bill of exceptions brought by counsel prematurely to be withdrawn and filed as an exception pendente lite is not to be taken as the rule, but rather as the exception. *Farmers Bank* v. *Burwell,* 120 *Ga.* 540, 542 (48 S. E. 145). In some cases where the interests of justice seemed to require it, this has been done. *Atlanta National Building and Loan Association* v. *Jones,* 111 *Ga.* 890 (36 S. E. 968), and cases there cited. A case brought prematurely, because it is still pending and undisposed of in the trial court, is no more before us than a case transmitted by accident or misprision of the clerk too late to be heard at the proper term but before the end of arguments of cases on the docket of that term. If the power existed in the first class of cases, it would seem to exist equally in the second. This is not a case involving laches in making application for a writ of mandamus against the clerk, and thus does not fall within the rule in *Wade* v. *Graham,* 59 *Ga.* 642, and like cases. The clerk has voluntarily sought to correct his error, and has forwarded the record.

If the power exists, it then becomes a question of the propriety of its exercise. The present case presents a state of facts which render the grant of the application proper. According to the certificate of the deputy clerk of the superior court, sent to this court, the bill of exceptions was filed in due time, and neither

counsel for plaintiff in error nor their client in any way caused or contributed to the delay in transmission, but it resulted solely from an accident on the part of the clerk or his copyist. When counsel discovered the absence of the record from this court, they called the deputy clerk's attention to it, and he later transmitted it. The record and bill of exceptions arrived too late to be docketed and heard as a case at the term to which it belonged; but before the docket was finally completed or closed, application was made as above stated. Under the circumstances, we direct that the plaintiff in error or its counsel have leave to have recorded in the trial court the official copy of the bill of exceptions remaining of file there, complaining of the overruling of the demurrer, as an exception pendente lite. *Berry* v. *Parker*, 130 *Ga.* 741 ('61 S. E. 541).

*Writ of error dismissed, with direction. All the Justices concur.*