EARNHART <i>v.</i> ATLANTA AND WEST POINT RAILROAD<br>COMPANY <i>et al.</i>

A bill of exceptions, assigning error on a final judgment, was filed in the office of the clerk of the superior court, by delivering it to a deputy clerk, who made thereon an entry of filing on September 2, 1908. It was not filed in the office of the clerk of the Supreme Court until February 20,

1909, after the circuit to which the case would have belonged had been concluded, and after the docket for the entire term had been closed. It was then docketed with the cases of the next term. The clerk of the superior court, in transmitting the record, certified that it had not been sent up in time because the bill of exceptions, when filed in his office by his deputy, was mislaid by the latter, and no one else in the office knew of the filing until counsel for plaintiff in error called the attention of the clerk to it a few days before its transmission; that the deputy clerk was a very sick man and was not on duty then, but was sitting around the office; that his mind was not sound then; and that he afterwards died. *Held*, that the case, when reached at the second term of the Supreme Court, must be dismissed and stricken from the docket on motion.

Argued June 11, — Decided July 13, 1909.

Motion to dismiss.

*Westmoreland Brothers* and *Eb. T. Williams*, for plaintiff.

*Dorsey, Brewster, Howell & Heyman*, for defendant.

LUMPKIN, J. The bill of exceptions in this case, which complained of a final judgment, was certified by the judge on September 2, 1908, and was marked filed in the office of the clerk of the superior court on the same day. It was not filed in the office of the clerk of this court until February 20, 1909, sometime after the Atlanta circuit, to which it belonged, had been concluded, and after the arguments of all cases for that term had been finished and the docket closed. Nothing was done with the case by this court during the October term, 1908, but it was docketed by the clerk with the cases of the March term, 1909. When the Atlanta circuit for that term was reached, a motion was made to dismiss the case, or strike it from the docket. In transmitting the record, the clerk of the superior court appended the following statement to the usual certificate. "The record in this case was not sent up in time, because the bill of exceptions, when filed in this office by the deputy clerk, was mislaid by him, and no one else in this office knew of the filing until counsel for plaintiff in error called my attention to it a few days ago. The deputy clerk was a very sick man, and was not on duty then, but was just sitting in the office. He has since died. His mind was not sound then."

This case is controlled by the decision in *Savannah Electric Co. v. Tuck*, 132 *Ga.* 48 (63 S. E. 800), and must be dismissed. The ruling there made is not only conclusive as authority, but is sound in principle. The constitution requires all cases to be disposed of at the first or second term of this court, and that "in

case the plaintiff in error shall not be prepared at the first term
to prosecute the case—unless prevented by providential cause,—it
shall be stricken from the docket, and the judgment below shall
stand affirmed." What is the first term, to which ordinary cases
are returnable? This question is answered by the case of *Logan*
v. *Western & Atlantic R. Co.*, 86 *Ga.* 493 (12 S. E. 586), where
it was held by the entire bench that "The return term fixed by
law for all ordinary bills of exceptions is the first term of this
court which begins after the expiration of thirty days from the
filing of such bills of exceptions in the clerk's office of the court
below." See also *Bank of Culloden* v. *Bank of Forsyth*, 119 *Ga.*
351 (46 S. E. 424) ; *Temple Baptist Church* v. *Georgia Terminal
Company*, 128 *Ga.* 669, 673 (58 S. E. 157). The legislature made
certain provisions in regard to delay in transmission of the record
and bill of exceptions by the clerk of the trial court. The Civil
Code, § 5571, provides for two cases: (1) Where the bill of excep-
tions and copy of the record shall reach the clerk of the Supreme
Court before this court shall have finished the circuit to which the
case belongs. (2) Where the bill of exceptions and copy of the rec-
ord shall not reach the clerk of the Supreme Court before the cases
from the circuit to which it belongs shall have been disposed of.
In the latter event it was declared that the case should be dock-
eted for the next term of the Supreme Court and then heard with
the cases from the circuit to which said case belongs. The second
of these provisions has several times been said by this court to be
unconstitutional. *Davis* v. *Bennett*, 72 *Ga.* 762; *Temple Baptist
Church* v. *Georgia Terminal Co.*, supra; *Savannah Electric Co.* v.
*Tuck*, supra. It was urged that the certificate of the clerk in
transmitting the record (dated February 20, 1909), showed that
when the bill of exceptions was filed with the deputy clerk of the
court, it was mislaid by him, that he was a very sick man then
and was not on duty, but was just sitting in the office, and that
his mind was not sound. If the action of the deputy clerk was
invalid as an official action, then it would seem that the bill of
exceptions was not lawfully filed in the office of the clerk of the
superior court within the time prescribed by law, as the only filing
consisted in the delivery of the paper to him and the entry made
by him thereon. If he was capable of filing the paper, his mis-
laying it could not be treated as unofficial. But aside from this,

accidents or misfortunes of the clerk of the superior court, or his deputies, can not change the time when by law cases must be returned to this court and heard. It was urged that the first term of this court, within the meaning of the law, did not arrive before the papers were filed in the office of the clerk of the Supreme Court. But such a ruling would not make a definite time for the return of cases to this court, but would leave the time for their return and hearing to depend upon accident, misfortune, convenience, or even caprice of the clerks of the superior court, in transmitting records and bills of exceptions. As said by Chief Justice Bleckley, in *Logan* v. *Western & Atlantic R. Co.,* supra, "Any other construction would put it in the power of the clerk of the superior court to fix the return term of many cases by using more or less dispatch in making out the transcript and in forwarding it and the bill of exceptions to this court."

It is said that it would be a hardship for a litigant to suffer on account of the misfortune or sickness of the deputy clerk. But the same might be said if the clerk or his deputy failed to record a deed or mortgage, or a lien, so as to give notice to the world, or if he failed to issue process so that the defendant might be brought into court, or failed to issue execution so as to levy on property before it was removed from the jurisdiction. All of these things might happen from sickness or misfortune, as well as from carelessness. The motion to dismiss and strike the case from the docket must be sustained.

*Ordered accordingly. All the Justices concur, except Beck, J., absent.*