RICHMOND COUNTY *v.* RICHMOND COUNTY REFORMATORY
INSTITUTE.

PER CURIAM. An equitable petition was filed, praying, among other
things, for the grant of an interlocutory injunction and the appoint-
ment of a receiver. A rule nisi was granted, and the hearing set for
a day named. It was continued from time to time, and finally a
hearing was had on a date during a term of the superior court (the
second term after the petition was filed). In an order previously
granted the court had directed that the pleadings be filed by a certain
date. The defendant filed a demurrer. At the hearing, when both
parties announced ready, counsel for the plaintiff contended that the
matter before the court was "said rule nisi." Counsel for defendant
contended that the matter before the court was the demurrer. The
court ruled that the demurrer was to be heard, and directed that the
petition, the amendments thereto, and the demurrer be heard. After
argument the court sustained the general demurrer, and all of the
grounds of the special demurrers except certain ones which were with-
drawn, and entered a judgment accordingly. The judgment contained
no reference to a refusal of the injunction prayed. The plaintiff ex-
cepted to this judgment, and assigned error on the grounds, that the
matter before the court was the rule nisi with the demurrer shown as
cause contra, that the decision sustaining the general demurrer and
special demurrers was error, and that the non-grant of injunction and
receiver as prayed in the petition was also erroneous. Error was also
assigned upon certain bills of exceptions pendente lite to continuances
granted. *Held,* that it appears from the record and bill of exceptions
that the court declined to pass upon the question of the granting or
refusing of an interlocutory injunction and the appointment of a
receiver, and passed only upon the demurrer as such. Accordingly, the
bill of exceptions brought to this court can not be docketed as a "fast"
writ of error, but must be docketed as are ordinary rulings sustaining
demurrers. *Smith* v. *Shaw,* 138 *Ga.* 805 (76 S. E. 372).

DECEMBER 19, 1912.

Motion to transfer case to docket of this term.

*Salem Dutcher,* for movant.