## HOWELL *v.* THE STATE.

The ruling in *Water Power & Mining Co.* v. *Arnold,* 149 *Ga.* 107 (99 S. E. 382) (which was a case properly brought. to the Supreme Court and pending in that court at the time of the adoption of the constitutional amendment of 1916), that " a writ of error in a case carried to the Supreme Court, which belongs to the class of cases of which the Court of Appeals, under the constitution, has jurisdiction, is not brought to the Court of Appeals until the Supreme Court has determined the question of jurisdiction and has ordered a transfer of the case," is applicable to cases now brought to the reviewing courts, where, by the act of the plaintiff in error, the bill of exceptions is directed and sent to the court which is without jurisdiction to entertain the case.

(*a*) The above ruling is applicable where .the case is one which belongs to the class of cases of which the Court of Appeals, under the present constitution, has jurisdiction, and is through the fault of the plaintiff in error carried to the Supreme Court and is transferred by that court to the Court of Appeals after the close of the term of the latter court during which the bill of exceptions was filed in the Supreme Court and the hearing of the case by that court at the " first term " after the case was filed in the Supreme Court is thereby prevented. Such a case is not "brought to the Court of Appeals " until the Supreme Court has determined the question of jurisdiction and has ordered the transfer of the case.

(*b*) The provision of the constitution (Civil Code of 1910, § 6503) as to the time within which cases brought to the Supreme Court should be heard, which is also applicable to the Court of Appeals, must be construed in connection with the amendment to the constitution of 1916 in regard to the transfer of cases from the Supreme Court to the Court of Appeals and vice versa, as construed in *Water Power & Mining Co.* v. *Arnold,* just quoted.

No. 3259.    OCTOBER 12, 1922.

The Court of Appeals certified the following question (in Case No. 13530):

" Is the ruling in *Water Power & Mining Co.* v. *Arnold,* 149 *Ga.* 107 (which was a case properly brought to the Supreme Court and pending in that court at the time of the adoption of the constitutional amendment of 1916), that ' a writ of error in a case carried to the Supreme Court, which belongs to the class

of cases of which the Court of Appeals; under the constitution, has jurisdiction, is not brought to the Court of Appeals until the Supreme Court has determined the question of jurisdiction. and has ordered a transfer of the case,' applicable to cases now brought to the reviewing courts, where, by the act of the plaintiff in error, the bill of exceptions is directed and sent to the court which is without jurisdiction to entertain the case? In other words, where a case, 'which belongs to the class of cases of which the Court of Appeals, under the constitution, has jurisdiction,' is through the fault of the plaintiff in error carried to the Supreme Court, and is transferred by that court to this court after the close of the term of this court during which the bill of exceptions was filed in the Supreme Court, and the hearing of the case by this court at the 'first term' after the case was filed in the Supreme Court is thereby prevented, has this court jurisdiction to consider and decide the case, in view of the provision of the constitution (Civil Code of 1910, § 6503) as to the time within which cases brought to the Supreme Court should be heard? It is respectfully suggested that if the ruling in the *Water Power & Mining Co.* case, supra, should be held applicable to *all* cases made returnable to the Supreme Court and transferred to this court, it would be possible for a plaintiff in error, knowingly and deliberately and for the purpose of delay only, to make his bill of exceptions returnable to the wrong reviewing court and thereby procure an enlargement of the time within which his case should be decided, under the constitutional requirement that all cases brought to the Supreme Court shall be heard at the first term, unless continued for providential cause. See, in this connection, *DeLoach* v. *Trammell,* 72 *Ga.* 198; *Davis* v. *Bennett,* 72 *Ga.* 762 (3); *Gordon* v. *Gordon,* 109 *Ga.* 262; *In re Contempt,* 111 *Ga.* 89, 92 [36 S. E. 237]; *Temple Baptist Church* v. *Georgia Terminal Co.,* 128 *Ga.* 669 (1, 2) [58 S. E. 157]; *Savannah Electric Co.* v. *Tuck,* 132 *Ga.* 48 [63 S. E. 800]; *Earnhart* v. *Atlanta & West Point R. Co.,* 133 *Ga.* 59 [65 S. E. 138]."

L. D. McGregor, for plaintiff in error.

M. L. Felts, solicitor-general, contra.

GILBERT, J. The constitution of the State of Georgia, article 6, sec. 2, par. 6 (Civil Code of 1910, § 6503), provides as follows:

" The Supreme Court shall dispose of every case at the first or second term after such writ of error is brought; and in case the plaintiff in error shall not be prepared at the first term to prosecute the case — unless prevented by providential cause,— it shall be stricken from the docket, and the judgment below shall stand affirmed." This provision now applies as well to the Court of Appeals. The question propounded by the Court of Appeals renders it necessary to decide when a writ of eror " is brought," within the meaning of the foregoing section of the constitution. Whatever may have been deemed the proper construction of that provision of the constitution as to when a writ of error is brought, prior to the ratification of the amendment to the constitution of 1916, we think there can be no question as to its proper construction since that time. In the amendment of 1916 (Georgia Laws 1916, p. 21), the following words are found: " All writs of error in the Supreme Court or the Court of Appeals, *when received by its clerk* [italics ours] during a term of the court and before the docket of the term is by order of the court closed, shall be entered thereon; when received at any other time, shall be entered on the docket of the next term; and they shall stand for hearing at the term for which they are so entered, under such rules as the court may prescribe, until otherwise provided by law." The General Assembly has not " otherwise provided by law," as it was authorized to do by the constitution. Under this provision it would seem that a " writ of error is brought " to the Court of Appeals (or to the Supreme Court) when the same is " received by its clerk." Under the decision in *Water Power & Mining Co.* v. *Arnold,* supra, " a writ of error in a case carried to the Supreme Court which belongs to the class of cases of which the Court of Appeals, under the constitution, has jurisdiction, is not brought to the Court of Appeals until the Supreme Court has determined the question of jurisdiction and has ordered a transfer of the case." In that case the writ of error was sued out prior to the 1916 amendment to the constitution. The same rule would apply to a writ of error sued out since the amendment. That amendment also provides that " Any case carried to the Supreme Court or to the Court of Appeals, which belongs to the class of cases of which the other court has jurisdiction, shall, until otherwise provided by law, be transferred to the other court under such

rules as the Supreme Court may prescribe, and the cases so transferred shall be heard and determined by the court which has jurisdiction thereof." Georgia Laws 1916, p. 19. Thus far the General Assembly has not "otherwise provided by law" for the transfer of such cases, nor has the Supreme Court prescribed any general rules applicable thereto. The decision in *Water Power & Mining Co.* v. *Arnold,* supra, was a rule applicable to the facts of that case, made in the absence of any statutory provision and in the absence of any general rules prescribed by the Supreme Court. Until the General Assembly has provided otherwise, or until this court has prescribed general rules applicable thereto, the principle ruled in *Water Power & Mining Co.* v. *Arnold* is applicable in cases falling within the class mentioned in the certified question, although it may be "possible for the plaintiff in error, knowingly and deliberately and for the purpose of delay only," to make his bill of exceptions returnable to the wrong reviewing court and thereby procure an enlargement of the time within which his case should be decided.

*All the Justices concur.*