ATLANTIC COAST LINE RAILROAD COMPANY *v.*
GEORGIA SWEET POTATO GROWERS ASSOCIATION.

No. 7513. JUNE 14, 1930.
ADHERED TO ON REHEARING, SEPTEMBER 18, 1930.

*Wilson, Bennell & Pedrick, Bennett & Bennett,* and *Slater, Moore, Oberry & Wheless,* for plaintiff in error.

*Parker & Parker* and *Ellis, Mitchell & Ellis,* contra.

HINES, J. 1. Paragraph 6 of section 2 of article 6 of the constitution of this State is as follows: "The Supreme Court shall dispose of every case at the first or second term after such writ of error is brought; and in case the plaintiff in error shall not be prepared at the first term to prosecute the case—unless prevented by providential cause,—it shall be stricken from the docket, and

the judgment below shall stand affirmed." Civil Code (1910), § 6503. The first or return term of bills of exceptions properly returnable to this court or the Court of Appeals is the term at which they would be heard if the same, with the record, had been forwarded by the clerk of the lower court within the time prescribed by law, and where the same, if timely forwarded, would reach the court to which it was returnable before the closing of the docket for the term. A different construction would put it in the power of the clerk of the court below to fix the return term for many cases, by using more or less dispatch in making out the transcript of the record and forwarding it and the bill of exceptions to the court to which it is returnable. Civil Code (1910), § 6167; *Logan* v. *W. & A. R. Co.*, 86 *Ga.* 493 (12 S. E. 586) ; *Bank of Culloden* v. *Bank of Forsyth*, 119 *Ga.* 351 (2) (46 S. E. 424) ; *Temple Baptist Church* v. *Georgia Terminal Co.*, 128 *Ga.* 669, 673 (58 S. E. 157) ; *Earnhart* v. *A. & W. P. R. Co.*, 133 *Ga.* 59 (65 S. E. 138).

2. The bill of exceptions in this case was certified by the trial judge on October 18, 1928, was filed in the office of the clerk of the trial court on October 19, 1928, and was received by the clerk of the Court of Appeals on January 8, 1929, after the docket of the Court of Appeals for the October term, 1928, had been closed by order of the court. If the bill of exceptions, with the record, had been transmitted within the time prescribed by law, it would have reached the Court of Appeals in time to have been heard at the October term, 1928, of that court; but it was not received by the clerk of the Court of Appeals until January 8, 1929, after the docket of the Court of Appeals for the October term, 1928, had been closed by order of the court. The constitution imperatively requires that all cases brought to the Supreme Court of this State or the Court of Appeals shall be heard at the first term, unless continued for providential cause; and that all cases shall be decided not later than the end of the term following that at which they are heard. *Temple Baptist Church* v. *Georgia Terminal Co.*, supra.

3. Where a bill of exceptions was returnable to the Court of Appeals, in a case within the jurisdiction of that court, and where the bill of exceptions and record would have reached the court in time to be heard at the first term of the court as above defined, if it had been transmitted in the time required by law, but was not

so transmitted and did not reach the Court of Appeals until after the close of the docket of the term to which it was returnable, that court would be without jurisdiction to hear the case at the second term; and the bill of exceptions should be dismissed. *Arnold* v. *Wells,* 6 *Ga.* 380; *Earnhart* v. *A. & W. P. R. Co.,* supra; *Branch* v. *Schlittler,* 149 *Ga.* 482 (100 S. E. 567).

4. The failure of the clerk to transmit the bill of exceptions and record within the time required by law, because of illness and shortage of clerical help, will not excuse such delay, and prevent the dismissal of the case on account of lack of jurisdiction of the appellate court to hear the same after the first term. *Earnhart* v. *A. & W. P. R. Co.,* supra.

5. The provision in the amendment to the constitution proposed by the act of August 19, 1916 (Acts 1916, p. 19), and adopted November 7, 1916, that "All writs of error in the Supreme Court or the Court of Appeals, when received by its clerk during a term of the court and before the docket of the term is by order of the court closed, shall be entered thereon; when received at any other time, shall be entered on the docket of the next term; and they shall stand for hearing at the term for which they are so entered, under such rules as the court may prescribe, until otherwise provided by law" (10 Park's Code Supp. 1922, § 6506), was not intended to make the first or return term of writs of error brought to review judgments in cases properly within the jurisdiction of such courts different from that previously fixed by the decisions of this court in the cases cited above; but its purpose in such cases was to require all writs of error received by the clerks of these courts during term time and before the docket of the term had been closed by order of the court to be entered upon the docket of the term when received, and writs of error received thereafter shall be entered upon the docket of the next term; and that such writs of error shall stand for trial at the term for which they are entered.

6. Said amendment to the constitution provides that "Any case carried to the Supreme Court or to the Court of Appeals, which belongs to the class of which the other court has jurisdiction, shall, until otherwise provided by law, be transferred to the other court under such rules as the Supreme Court may prescribe, and the cases so transferred shall be heard and determined by the court which has jurisdiction thereof." Acts 1916, p. 19; 10 Park's Code

Supp. 1922, § 6502. When a case under this provision is transferred by the Supreme Court to the Court of Appeals during a term of the latter court and before the docket of the term is by order of the court closed, such case shall be entered upon the docket of the court when received, which shall be the first term; but when such transferred case is received by the clerk of the court after the docket for the term has been by order of the court closed, it shall be entered upon the docket of the next term, which shall be the first term of the case in the court to which it is transferred. *Water Power & Mining Co.* v. *Arnold,* 149 *Ga.* 107 (99 S. E. 382) ; *Howell* v. *State,* 154 *Ga.* 424 (114 S. E. 427).

8. Applying the above rulings, the Court of Appeals did not have jurisdiction to entertain the writ of error in this case, and the writ of error should be dismissed.

*All the Justices concur.*

ON REHEARING.

HINES, J. Owing to the importance of the question upon which the Court of Appeals requested the instruction of this court, we granted a rehearing. After further argument and consideration, and after having made a change in the second part of the first paragraph of the decision, in order to clarify the ruling therein made, we adhere to the instruction given to the Court of Appeals.