MERRITT *et al v.* MERRITT.

No. 7705. JANUARY 24, 1931.

*Slater, Moore, Oberry & Wheless,* for plaintiffs in error.
*Quincey & Quincey,* contra.

RUSSELL, C. J. After verdict for the defendants, the plaintiffs moved for a new trial, which was refused, and they filed their bill of

exceptions. The motion for new trial was overruled on October 30, 1929. The bill of exceptions was certified on November 29, 1929, and service was acknowledged on the same day. The bill of exceptions was filed in the office of the clerk of the superior court on December 4, 1929, but was not transmitted to the clerk of the Supreme Court until February 27, 1930. It was filed by him on March 1, 1930. The docket of the October term, 1929, had been closed on December 29, 1929, according to a previous order. The deputy clerk of the superior court certified to the cause of the delay in the following words: "I further certify that the clerk of this court has been ill for several months, and, except for about ten or twelve days, I have had no help for several months. The clerk of this court is also the clerk of the city court of Douglas, 'and I am, in addition to being deputy clerk of this court, deputy clerk of the city court of Douglas. As a result of the illness of the clerk, the lack of competent help and the large volume of work that has accumulated made it impossible to forward the record in this case earlier. The delay is in no sense attributable to the negligence of the plaintiffs in error, or their counsel." From the dates on which the bill of exceptions was certified and filed, and the date on which the bill and the transcript of the record were transmitted, it appears that there was a long delay in the transmittal of the bill of exceptions to this court. The bill of exceptions was filed on December 4, 1929, and yet the clerk of the superior court of Coffee County did not send up the original bill of exceptions, together with the transcript of the record, until February 27, 1930, by reason of which it was not received by the clerk of the Supreme Court, and could not be entered upon the docket, until March 1, 1930. On that day the clerk marked the bill of exceptions and transcript of the record filed; and as the docket of the October term, 1929, had been closed prior to February 27, 1929, the case was entered upon the docket of the March term, 1930. It is clear that the bill of exceptions and transcript of the record were not sent up as required by the Civil Code of (1910), § 6167. Counsel for defendant in error filed a motion to dismiss the bill of exceptions upon that ground. The motion must be sustained, as ruled in *Earnhart* v. *Atlanta &c. R. Co.,* 133 *Ga.* 59 (65 S. E. 138), and as recently decided by this court in

*Atlantic Coast Line R. Co.* v. *Georgia Sweet Potato Growers Asso.,* 171 *Ga.* 30 (154 S. E. 698).

> *Writ of error dismissed. All the Justices concur.*