## PALMER v. THE STATE.

No. 7985. October 2, 1931.

*Willis Smith,* for plaintiff in error.

536

*George M. Napier, attorney-general, W. Y. Atkinson, solicitor-general,* and *T. R. Gress, assistant attorney-general,* contra.

PER CURIAM. The bill of exceptions in this case was certified on June 14, 1930. It was filed in the office of the clerk of the court below on June 16, 1930. Service of the bill of exceptions was acknowledged on the latter date. It was transmitted to this court by the clerk of the court below on July 23, 1930. The docket of the term of this court at which the case could have been heard, if the clerk of the court below had transmitted the bill of exceptions and the record within the time required by law, was closed on July 2, 1930.

1. The clerk of the court below shall, within fifteen days from the service of the bill of exceptions, make out a transcript of the record and transmit the bill of exceptions and the record immediately to the Supreme Court then in session; and if not in session, then to the very next session. If said record, being returned to a court then in session, should fail, after legal diligence, to arrive in time for a hearing before the adjournment, then it stands over until the next term. Civil Code (1910), § 6153; Penal Code (1910), § 1102; Acts 1871, p. 52.

2. This court held that if a fast bill of exceptions was not transmitted to this court by the clerk, together with a transcript of the record, within fifteen days from the date of the service of the bill of exceptions, the writ of error would be dismissed. *Smith* v. *Wheatley,* 65 *Ga.* 299; *Markham* v. *Huff,* 72 *Ga.* 106; *Calloway* v. *State,* 91 *Ga.* 112 (16 S. E. 379); *Jeems* v. *Gunn,* 92 *Ga.* 576 (18 S. E. 287); *Winship* v. *State,* 93 *Ga.* 215 (18 S. E. 649).

3. "No writ of error in a criminal case, or in an injunction case or other extraordinary remedy, shall be dismissed for the failure of the clerk of the lower court to transmit the proper papers within the fifteen days after service of the bill of exceptions, unless such failure is due to the neglect or fault of the plaintiff in error or his counsel. Such cases, when the proper papers are received in the Supreme Court, shall be heard and determined as though the clerk of the lower court had not failed in the prompt performance of his duty. But nothing in this section shall be construed to excuse the clerk for his omission of duty, or to relieve him from any liability consequent thereon." Civil Code (1910), § 6178. This section was codified from the act of November 17, 1893. Ga. Laws 1893, p. 51.

4. In the construction of the section just referred to, we must look to the old law, the evil, and remedy. *McInlyre* v. *Harrison,* 172 *Ga.* 65, 79 (157 S. E. 499). Besides, if a statute is equally susceptible of two constructions, one of which will render it constitutional, and the other of which will render it unconstitutional, the former construction is generally to be preferred. *Fordham* v. *Sikes,* 141 *Ga.* 469 (81 S. E. 208). This code section should be construed in connection with paragraph 6 of section 2 of article 6 of the constitution of this State, which declares that the court shall dispose of every case at the first or second term after such writ of error is brought; and in case the plaintiff in error shall not be prepared at the first term to prosecute the case—unless prevented by providential cause, it shall be stricken from the docket and the judgment of the court below shall stand affirmed.

5. So construing this section, it means that a bill of exceptions should not be dismissed because it was not transmitted to this court within fifteen days after its service, if the case reached this court in time to be heard at the first term as provided in the above provision of the constitution. It was not the intent of the legislature to make a case returnable to a term of this court succeeding the first term at which it would have been heard, if the bill of exceptions and record had been properly transmitted to this court, where the failure to so transmit it was due to the neglect of the clerk of the lower court. To give a different construction to this section would render it unconstitutional. *Goodman* v. *Morris,* 59 *Ga.* 60 (2); *Davis* v. *Bennett,* 72 *Ga.* 762 (3).

6. Under the above rulings and the rulings in *A. C. L. R. Co.* v. *Georgia Sweet Potato Growers Association,* 171 *Ga.* 30 (154 S. E. 698), *Dixie Realty Finance Co.* v. *Morgan,* 171 *Ga.* 348 (155 S. E. 468), *Merritt* v. *Merritt,* 171 *Ga.* 835 (156 S. E. 651), *General Motors Acceptance Cor.* v. *Citizens Co.,* 171 *Ga.* 891 (156 S. E. 904), and *Griffeth* v. *House,* 172 *Ga.* 662 (158 S. E. 414), the bill of exceptions will have to be

*Dismissed. All the Justices concur, except*

RUSSELL, C. J., dissenting. The Civil Code of 1910, § 6178, declares: "No writ of error in a criminal case, or in an injunction case or other extraordinary remedy, shall be dismissed for the failure of the clerk of the lower court to transmit the proper papers within the fifteen days after service of the bill of exceptions, unless

such failure is due to the neglect or fault of the plaintiff in error or his counsel. Such cases, when the proper papers are received in the Supreme Court, shall be heard and determined as though the clerk of the lower court had not failed in the prompt performance of his duty. But nothing in this section shall be construed to excuse the clerk for his omission of duty, or to relieve him from any liability consequent thereon." These provisions were enacted by the General Assembly in 1893 (Ga. L. 1893, p. 51), and were again enacted by the legislature in the adoption of the Code of 1910. Ga. L. 1910, p. 48; *Central Ry. Co.* v. *State*, 104 *Ga.* 831 (31 S. E. 531, 42 L. R. A. 518). Section 6178 applies only to the dismissal of fast writs of error. It has no reference to bills of exceptions which are not fast writs. By its express terms no fast bill of exceptions can be dismissed by reason of the fact that the clerk of the superior court fails to transmit the bill of exceptions and transcript of the record within the time prescribed by law. It has never at any time been held to be unconstitutional. So far as my investigation has extended, it has been referred to in only two cases, *Strong* v. *Atlanta Con. Street Ry. Co.*, 97 *Ga.* 693 (25 S. E. 379), and *Gibson* v. *Thornton*, 99 *Ga.* 647 (26 S. E. 78). In the *Strong* case the writ of error was dismissed because the delay in transmitting the record and bill of exceptions was due to the act of counsel for plaintiff in error. The court remarked: "The act of November 17, 1893 (Acts of 1893, p. 51), the purpose of which was to prohibit the dismissal of what are popularly known as 'fast writs of error' on account of a failure by the clerk of the trial court to transmit the record within the time prescribed by law, is itself rendered inoperative where 'such failure is due to the neglect or fault of the plaintiff in error or his counsel'; thus showing that the General Assembly had not, up to that time, manifested any disposition to protect litigants who were themselves responsible for the failure to have their cases properly brought to this court." All of the cases cited in the opinion of the majority in support of the second ruling were decided before the passage of the statute of 1893, supra, which was enacted by the General Assembly for the purpose of preventing dismissal of fast writs of error because of delay by the clerk of the superior court in transmitting the bill of exceptions to the Supreme Court. The statute was passed for the very purpose of preventing a repetition of such dismissals as had been ordered

by this court in every one of the cases cited. It is manifest to me that the General Assembly intended the act of 1893 (§ 6178) to displace and supersede all of the opinions cited.