### FUQUA *et al.,* executors, *v.* HADDEN, guardian, *et al.*

No. 13200. MAY 23, 1940.

*Paul T. Chance* and *E. L. Rowland,* for plaintiffs.

*L. F. Watson* and *R. M. Daley,* for defendants.

BELL, Justice. █ The bill of exceptions in this case was certified on August 11, 1939, and was filed on the same day in the office of the clerk of the trial court. It was transmitted to this court on December 18, 1939, together with certificate of the clerk as to reasons for the delay. It was received and filed in the office of the clerk of the Supreme Court on the following day, December 19. The docket of the Supreme Court for the September term, 1939, was closed by standing rule at noon of October 19, 1939. If the clerk of the trial court had transmitted the bill of exceptions with the record within the time required by law (Code, § 6-1001), the case would have reached this court in ample time to be heard during the September term to which it was returnable; but since it did not reach the Supreme Court until after the docket for that term had been closed, this court, according to former unanimous decisions, would not have jurisdiction to entertain the writ of error, and the motion to dismiss it should be sustained, unless the certificate of the clerk as to reasons for the delay should require a different ruling, in view of a constitutional amendment hereinafter quoted. *Savannah Electric Co.* v. *Tuck,* 132 *Ga.* 48 (63 S. E. 800) ; *Branch* v. *Schlittler,* 149 *Ga.* 482 (100 S. E. 567) ; *Atlantic Coast Line*

*Railroad Co.* v. *Georgia Sweet Potato Growers Association,* 171 *Ga.* 30 (154 S. E. 698) ; *Dixie Realty Finance Co.* v. *Morgan,* 171 *Ga.* 348 (155 S. E. 468) ; *Merritt* v. *Merritt,* 171 *Ga.* 835 (156 S. E. 651) ; *General Motors Acceptance Corporation* v. *Citizens Security Co.,* 171 *Ga.* 891 (156 S. E. 904) ; *Griffeth* v. *House,* 172 *Ga.* 662 (158 S. E. 414).

■ Under the foregoing decisions, no reason which the clerk might give for his delay would cure the defect, before the constitutional amendment relative to that subject as ratified on November 3, 1936. By that amendment it was provided that "if the transmittal of the record be unavoidably delayed by reason of the illness or death of the clerk of the trial court, or of some member of his family, so that the case has not been docketed in the Supreme Court before the close of the docket of the term to which it is by law returnable (the facts causing such unavoidable delay to be certified by the clerk in commission and by a judge of the trial court), the case shall be heard at the next term, which shall be regarded as its first term." Ga. L. 1935, p. 1238; Ga. Code Ann. Pocket Part, § 2-3006. The certificate of the clerk in the present case contained no reference to any cause mentioned in such amendment, but gave entirely different reasons for his delay. Accordingly, the amendment is inapplicable, and the writ of error must be dismissed, under the authorities cited. Any one who may care to make further examination of the law upon this subject is respectfully referred to the opinions in the foregoing cases, *plus* the following: *Goodman* v. *Morris,* 59 *Ga.* 60 (3) ; *Davis* v. *Bennett,* 72 *Ga.* 762; *Logan* v. *Western & Atlantic Railroad Co.,* 86 *Ga.* 493 (12 S. E. 586) ; *Bank of Culloden* v. *Bank of Forsyth,* 119 *Ga.* 351 (46 S. E. 424) ; *Temple Baptist Church* v. *Georgia Terminal Co.,* 128 *Ga.* 669, 673 (58 S. E. 157) ; *Earnhart* v. *Atlanta & West Point Railroad Co.,* 133 *Ga.* 59 (65 S. E. 138). Writs of error were not dismissed in all of these last-mentioned cases. Some of them merely involved proper docketing as to term; but the principles discussed were the same as in cases where writs of error were dismissed. Without setting forth the reasoning adopted in the various decisions, which may be read as conveniently in their own places, we may observe that they were based in the main on construction of statutes and constitutional provisions relating to return term and time of hearing and decision, as to cases brought to the Supreme Court

on writs of error. Statutes contrary to the constitution are of course subordinate to that instrument, and must fail unless they can be construed consistently with its provisions.

The decisions referred to in the first division were each concurred in by all the Justices, as were those listed in the second division, except the *Earnhart* case, in which it appears that one of the Justices was absent. Such unanimous decisions are binding as authority, so long as they are not reviewed and overruled in the manner prescribed by law. Code, § 6-1611. There is a request to review and overrule only the later decision in *Palmer* v. *State,* 173 *Ga.* 535 (supra), concurred in by five Justices, one Justice dissenting. In view of what has been said, this request is declined, and the motion to dismiss the writ of error is sustained.

*Writ of error dismissed. All the Justices concur.*