28236. BETHLEHEM STEEL COMPANY *v.* SPIVEY.

DECIDED JUNE 14, 1940.

*Reese, Scarlett, Bennet & Gilbert,* for plaintiff in error.

*G. B. Cowart,* contra.

BROYLES, C. J. The bill of exceptions in this case was certified by the trial judge on August 25, 1939, and was filed in the office of the clerk of the trial court on September 5, 1939. The bill of

exceptions and the specified record were not transmitted to the clerk of this court until December 16, 1939. The bill of exceptions was made returnable to the "current" term of this court, which was the September term of 1939, and the docket for that term was closed on October 19, 1939, by order of this court. Under these circumstances this court is without jurisdiction to entertain the case, and the motion to dismiss the bill of exceptions is sustained. *Atlantic Coast Line R. Co.* v. *Georgia Sweet Potato Growers Association,* 171 *Ga.* 30 (154 S. E. 698) ; *Dixie Realty Finance Co.* v. *Morgan,* 171 *Ga.* 348 (155 S. E. 468) ; *Merritt* v. *Merritt,* 171 *Ga.* 835 (156 S. E. 651) ; *General Motors Acceptance Cor.* v. *Citizens Security Co.,* 171 *Ga.* 891 (156 S. E. 904) ; *Griffeth* v. *House,* 172 *Ga.* 662 (158 S. E. 414) ; *Palmer* v. *State,* 173 *Ga.* 535 (160 S. E. 637). The foregoing ruling, in so far as it applies to this case, is not affected by the amendment to par. 6 of sec. 2 of art. 6 of our State constitution (Code, § 2-3006). Said amendment was ratified on November 3, 1936, and reads as follows: "The Supreme Court shall dispose of every case at the first or second term after such writ of error is brought; and in case the plaintiff in error shall not be prepared at the first term to prosecute the case unless prevented by providential cause, it shall be stricken from the docket, and the judgment below shall stand affirmed. Provided, that if the transmittal of the record be unavoidably delayed by reason of the illness or death of the clerk of the trial court, or of some member of his family, so that the case has not been docketed in the Supreme Court before the close of the docket of the term to which it is by law returnable (the facts causing such unavoidable delay to be certified by the clerk in commission and by a judge of the trial court), the case shall be heard at the next term, which shall be regarded as its first term." The only cause of the delay in transmitting the record to this court, as certified by the clerk of the trial court, was as follows: "I further certify that the cause of the delay in the transmission of the record in this case was caused by press of work in this office."

*Writ of error dismissed. MacIntyre and Gardner, JJ., concur.*