BYRD *v.* GOODMAN.

BELL, Justice. 1. While no motion has been made to dismiss the writ of error, yet it is the duty of this court "to raise the question of its jurisdiction in all cases in which there may be any doubt as to the existence

of such jurisdiction" (*Welborne* v. *State*, 114 *Ga.* 793, 796, 40 S. E. 857); and where it is apparent that jurisdiction to decide the case does not exist, there is no lawful course except to dismiss the writ of error ex mero motu. *Gilbert* v. *Tippens*, 183 *Ga.* 497 (3) (188 S. E. 699); *Etheredge* v. *Henderson*, 188 *Ga.* 189 (2) (3 S. E. 2d, 674).

2. The exception is to a judgment sustaining a general demurrer and dismissing the plaintiff's petition. The judgment was rendered on August 24, 1940. The bill of exceptions was certified on September 21, 1940, and filed in the office of the clerk of the trial court on October 5, 1940. The clerk of that court was required by statute (Code, § 6-1001) to transmit the bill of exceptions with the record to the clerk of the Supreme Court within ten days from such filing, the record in the instant case being set forth in the bill of exceptions. The clerk did not transmit the same until fourteen days after such filing, and because of this fact the bill of exceptions was not received by the clerk of the Supreme Court until after close of the docket of the September term, 1940, to which the case was returnable under the law; such docket having closed by standing order at noon October 19, 1940. Code, § 24-4533. The only reason for the delay certified by the clerk was the "press of other business." (See Ga. L. 1935, p. 1238; Ga. Code. Ann. Pocket Part, § 2-3006.) *Held*, that in the circumstances this court has no jurisdiction of the case, and the writ of error must be dismissed. *Savannah Electric Co.* v. *Tuck*, 132 *Ga.* 48 (63 S. E. 800); *Atlantic Coast Line Railroad Co.* v. *Georgia Sweet Potato Growers Association*, 171 *Ga.* 30 (154 S. E. 698); *Griffith* v. *House*, 172 *Ga.* 662 (158 S. E. 414); *Fuqua* v. *Hadden*, 190 *Ga.* 361 (9 S. E. 2d, 243).

3. The case is not one falling under the Code, § 6-903, as to which the clerk shall transmit the bill of exceptions and transcript of record "within 15 days" from service of the bill of exceptions. *Johnson* v. *Cravey*, 120 *Ga.* 1047 (2) (48 S. E. 424); *Town of Alapaha* v. *Paulk* 130 *Ga.* 595 (2) (61 S. E. 401); *DeVane* v. *Fambrough*, 133 *Ga.* 471 (66 S. E. 245); *Smith* v. *Shaw*, 138 *Ga.* 805 (76 S. E. 372); *Richmond County* v. *Richmond County Reformatory Institute*, 139 *Ga.* 176 (76 S. E. 1016). *Writ of error dismissed. All the Justices concur.*

No. 13565. MAY 15, 1941. REHEARING DENIED JUNE 20, JULY 9, 1941.

*Lester Dickson,* for plaintiff.
*W. B. Hollingsworth,* for defendant.